UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

.....................................

JENNIFER PADELLARO,

                Plaintiff,                CIVIL ACTION NO. 05-11788-MLW

                v.

JAMES MCGRAVEY and
CITY OF LAWRENCE,

                Defendants.

.....................................

### DEFENDANT CITY OF LAWRENCE'S ANSWER

Defendant City of Lawrence hereby answers the Complaint of Plaintiff Jennifer Padellaro. All allegations not specifically admitted herein are denied.

### FIRST DEFENSE

1.    Defendant states that the allegations of paragraph 1 are merely introductory and legal in nature, describing the nature of the action, and therefore no response is required. To the extent a response is required, defendant denies the allegations of paragraph 1.

2.    Defendant admits the allegations contained in the third and fourth sentences of paragraph 2. As to the allegations contained in the first and second sentences of paragraph 2, Defendant states that they are merely introductory and legal in nature, describing the jurisdictional nature of the action, and therefore no response is required; to the extent a response is required, defendant denies the allegations.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

B3106573.1

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, except it denies that McGravey was the former Clerk of the City of Lawrence at all relevant times.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. Defendant admits the allegations of paragraph 7.

8. Defendant admits the allegations of paragraph 8.

9. Defendant admits the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant admits that McGravey refused to allow Padellaro to "borrow" sick time from her husband when she was pregnant, and otherwise denies the allegations of paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Defendant admits the allegations in the first sentence, and denies the allegations in the second sentence, of paragraph 15.

16. Defendant admits the allegations in the first sentence, and denies the allegations in the second sentence, of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant admits that in approximately 1998 McGravey logged on to inappropriate websites including one called "Flash Mountain," which purported to show images of semi-clothed women on a Disney ride.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 22. With respect to the allegations contained in the second sentence of paragraph 22, Defendant admits that McGravey refused to allow Padellaro to "borrow" sick time from her husband when she was pregnant, and otherwise denies the allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Defendant admits that the Personnel Department issued a memorandum in or about March 2000 concerning e-mail and internet access, states that the memorandum speaks for itself, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant admits the allegations of paragraph 39.

40. Defendant admits that McGravey was an aide to Lefebre when he was Mayor, but denies the remaining allegations of paragraph 40.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48. Defendant admits that Sullivan sent Lefebre a letter dated May 15, 2000, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49. Defendant denies the allegations of paragraph 49.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

53. Defendant denies the allegations of paragraph 53.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations contained in the first sentence of paragraph 56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59. Defendant admits that Padellaro informed Mayor Sullivan of allegations concerning McGravey, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60. Defendant denies the allegations of paragraph 60.

61. Defendant denies the allegations of paragraph 61.

62. Defendant admits that Padellaro met with Mayor Sullivan and showed him a draft letter that she and her then-attorney prepared to submit to the City, and otherwise denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant admits that Padellaro's attorney sent a letter to Mayor Sullivan dated June 29, 2004, and states that the letter speaks for itself.

65. Defendant admits the allegations contained in the first sentence of paragraph 65, and denies the remainder of the allegations of paragraph 65.

66. Defendant admits the allegations of paragraph 66 with the exception of the date, which should be July 13, 2004.

67. Defendant admits the allegations contained in the first sentence of paragraph 67 with the exception of the date. Defendant admits that President Blanchette told Padellaro that the

City Council would be voting on whether to accept McGravey's resignation, and otherwise denies the allegations contained in the second sentence of paragraph 67.

68. Defendant admits that President Blanchette told Padellaro that she would not be named Acting City Clerk, and denies the remaining allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant admits Padellaro returned to work on July 19, 2004, admits President Blanchette requested that she do so, and otherwise denies the allegations of paragraph 70.

71. Defendant admits the allegations of paragraph 71 except that it was a subcommittee, not an ad hoc committee.

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73.

74. Defendant denies the allegations of paragraph 74, but admits that President Blanchette informed City Councilors that they should tour the City Clerk's Office to get a better understanding of the day-to-day tasks and conditions of the Clerk's office.

75. Defendant denies the allegations of paragraph 75.

76. Defendant denies the allegations of paragraph 76.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78. Defendant denies the allegations of paragraph 78.

79. Defendant admits the allegations of paragraph 79.

80. Defendant denies the allegations of paragraph 80.

81. Defendant denies the allegations of paragraph 81.

82. Defendant denies the allegations of paragraph 82.

83. Defendant denies the allegations of paragraph 83.

84. Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations of paragraph 84.

85. Defendant denies the allegations of paragraph 85.

86. Defendant denies the allegations of paragraph 86.

87. Defendant denies the allegations of paragraph 87.

88. Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations of paragraph 88.

89. Defendant states that the allegations of paragraph 89 are legal in nature and therefore no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 89.

90. Defendant denies the allegations of paragraph 90.

91. Defendant denies the allegations of paragraph 91.

92. Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations of paragraph 92.

93. Defendant denies the allegations of paragraph 93.

94. Defendant denies the allegations of paragraph 94.

95. Defendant denies the allegations of paragraph 95.

96. Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations of paragraph 96.

97. Defendant denies the allegations of paragraph 97.

98. Defendant denies the allegations of paragraph 98.

99. Defendant denies the allegations of paragraph 99.

100. Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations of paragraph 100.

101. Defendant denies the allegations of paragraph 101.

102. Defendant denies the allegations of paragraph 102.

103. Defendant denies the allegations paragraph 103.

Defendant denies that Padellaro is entitled to the relief requested.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

## FOURTH DEFENSE

Plaintiff's claims are barred by doctrine of accord and satisfaction.

## FIFTH DEFENSE

Defendant's actions, if any, were taken in good faith and for legitimate business reasons.

## SIXTH DEFENSE

Plaintiff has waived and/or released her claims against defendant.

## SEVENTH DEFENSE

Defendant's actions, if any, were not the proximate cause of any injury suffered by plaintiff.

## EIGHTH DEFENSE

Plaintiff is estopped by her own actions from asserting her claims.

## NINTH DEFENSE

If plaintiff was discharged, her discharge was for cause.

## TENTH DEFENSE

Plaintiff has failed to fulfill her obligation to mitigate damages, and consequently is barred from any recovery hereunder.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

The anti-discrimination law provides the exclusive remedy for plaintiff's allegations of workplace discrimination, preempting her other statutory and tort claims.

## FIFTEENTH DEFENSE

Plaintiff's claims for personal injury are barred by the exclusivity provision of the workers compensation law.

WHEREFORE, the defendant City of Lawrence respectfully requests that the Court dismiss Padellaro's Complaint, grant judgment to it on all counts of the Complaint, award it attorneys' fees and costs incurred in defending this action, and grant such other relief as the Court deems just and proper.

                                **CITY OF LAWRENCE**

                                By its attorneys,

                                s/ Scott C. Merrill
                                James W. Bucking, BBO # 558800
                                Scott C. Merrill, BBO # 631008
                                Foley Hoag LLP
                                World Trade Center West
                                155 Seaport Boulevard
                                Boston, MA 02210
                                (617) 832-1000

Date: October 20, 2005

## CERTIFICATE OF SERVICE

I, Scott C. Merrill, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail and electronic service on October 20, 2004.

                                s/ Scott Merrill