UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11788-MLW

```
_____
                               )
JENNIFER E. PADELLARO,         )
      Plaintiff                )
                               )
v.                             )
                               )
JAMES A. McGRAVEY, and         )
CITY OF LAWRENCE,              )
      Defendants               )
_____)
```

### DEFENDANT JAMES A. McGRAVEY'S ANSWER AND JURY CLAIM

Defendant James A. McGravey ("McGravey") responds to the Complaint as follows:

#### FIRST AFFIRMATIVE DEFENSE

In violation of the requirement of "a short and plain statement of the claim", the Complaint in this case contains some twenty pages of false, vague, salacious, and irrelevant allegations. Despite its length, the Complaint shows no entitlement to any relief. McGravey denies having sexually harassed the plaintiff and/or having created a hostile work environment and/or having intentionally or otherwise inflicted emotional distress on her.

#### SECOND AFFIRMATIVE DEFENSE

Each Count of the Complaint fails to state a claim upon which relief may be granted.

#### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the statute of limitations.

#### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery by virtue of her own negligence and/or wrongful conduct.

### FIFTH AFFIRMATIVE DEFENSE

Any recovery by the plaintiff must be reduced by the extent of her own negligence and/or wrongful conduct.

### SIXTH AFFIRMATIVE DEFENSE

McGravey cannot be liable for the conduct of others as alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by her having failed to exhaust remedies available to her as a member of a labor organization.

### EIGHTH AFFIRMATIVE DEFENSE

Process and service of process are insufficient.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred since the alleged conduct was not objectively or subjectively severe or pervasive so as to state an actionable claim.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by operation of Massachusetts worker's compensation law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are pre-empted by the provisions of other applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

McGravey expressly incorporates any affirmative defense asserted by the City herein.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

By way of further defense, McGravey responds to the individually-numbered paragraphs of the Complaint as follows:

1-2.  These paragraphs purport to describe this action and this Court's jurisdiction over it and contain no allegations of fact or law against McGravey.  Therefore, no response is required.  To the extent any such claims are made, McGravey denies them.  And further answering, the letter referred to speaks for itself and McGravey denies that this Court has jurisdiction over this matter.

3-5.  McGravey admits that he resides in Lawrence and was for a time its City Clerk.  McGravey admits that the City of Lawrence ("City") is a duly-constituted municipality with a place of business on Common Street in Lawrence.  McGravey also admits, on information and belief, that the plaintiff resides and resided in Merrimac, Massachusetts.  McGravey denies each and all of the remaining allegations of these paragraphs of the Complaint.

6-17.  McGravey admits that he was employed in the City Clerk's Office and became City Clerk, that the plaintiff also worked in the office and became Assistant City Clerk, that he and the plaintiff had a good working relationship, and that the plaintiff bore a child.  McGravey also admits that in 1996 he would occasionally have lunch with the plaintiff and others, and admits that his wife was for a time City Attorney.  McGravey admits that in or about December of 1995 he refused to permit the plaintiff to "borrow" sick time from her husband.  McGravey denies each and all of the remaining allegations of paragraphs 6-17.

18-34.  McGravey admits that in 1998 and 1999 he occasionally logged on to inappropriate Websites from various locations at work and admits that the plaintiff may have seen some of same.  McGravey also admits that he and other City employees logged on to a Website called "Flash Mountain" which contained images of semi-naked women on a Disney ride.  McGravey admits that the plaintiff became pregnant.  McGravey also admits that he declined to permit the plaintiff to borrow sick time from her husband and so indicated in writing at the plaintiff's request.  McGravey admits that he loaned sick time to another City employee after having received the City administration's approval in view of the employee's circumstances.  McGravey

denies each and all of the remaining allegations of paragraphs 18-34.

35-36.  McGravey admits that in or about March of 2000, the City issued a memorandum.  And further answering, said memorandum speaks for itself.  McGravey is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 36.  McGravey denies each and all of the remaining allegations of paragraphs 35-36.

37-38.  McGravey admits that after March of 2000 he may have logged onto inappropriate Websites from various locations at work.  McGravey denies each and all of the remaining allegations of paragraphs 37-38.

39-40.  McGravey admits that Lawrence P. Lefebre served as the City's Mayor and as its Personnel Director.  McGravey also admits that he was for a time an aide of Lefebre's.  McGravey denies each and all of the remaining allegations of paragraphs 39-40.

41.  McGravey is without knowledge or information sufficient to form a belief as to the truth of the existence of plaintiff's alleged headaches or sleeplessness or state of mind.  McGravey denies intimidating the plaintiff or acting in any way deliberately to cause her alleged headaches or sleeplessness or fearfulness.

42-44.  McGravey admits that the plaintiff engaged counsel and admits that counsel exchanged correspondence with the City.  And further answering, any documents constituting these communications speak for themselves.  And further answering, McGravey admits that he wrote a letter of apology to the plaintiff and admits receiving assistance from a City employee assistance program.  McGravey denies each all of the remaining allegations of paragraphs 42-44.

45-46.  McGravey denies each and all of the allegations of paragraphs 45-46.

47-50.  McGravey admits that an attorney for the plaintiff and representatives of the City exchanged correspondence.  And further answering, any documents evidencing such communications speak for themselves.  McGravey denies each and all of the remaining allegations of paragraphs 47-50.

51-57.  McGravey denies each and all of the allegations of paragraphs 51-57.

58-59.  McGravey admits that the plaintiff engaged counsel who communicated with the City.  McGravey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 58-59.

60.  McGravey denies each and all of the allegations of paragraph 60.

61-64.  McGravey admits that the plaintiff, through counsel, communicated with the City.  And further answering, any documents evidencing these communications speak for themselves.  McGravey denies each and all of the remaining allegations of paragraphs 61-64.

65-66.  McGravey admits that in or about July of 2004 he met with City officials and resigned as City Clerk.  McGravey denies each and all of the remaining allegations of paragraphs 65-66.

67-83.  McGravey admits that after his resignation he responded to requests for guidance as to issues associated with the operation of the City Clerk's Office.  McGravey denies each and all of the remaining allegations of paragraphs 67-83.

Count I (Styled "Intentional Infliction of Emotional Distress")

84.  In response to the allegations of paragraph 84, McGravey re-alleges and incorporates by references his responses to paragraphs 1-83.

85-87.  McGravey denies each and all of the allegations of paragraphs 84-87.

Count II (Styled "Negligence")

88.  In response to the allegations of paragraph 88, McGravey re-alleges and incorporates by references his responses to paragraphs 1-87.

89-91. These paragraphs make no allegations of fact or law against McGravey; therefore, no response is required. To the extent that any such claims are made, McGravey denies them.

Count III   (Styled "Hostile Work Environment-Sexual Harassment")

92. In response to the allegations of paragraph 92, McGravey re-alleges and incorporates by reference his responses to paragraphs 1-91.

93-95. McGravey denies each and all of the allegations of paragraphs 93-95.

Count IV   (Styled "Hostile Work Environment-Sexual Harassment")

96. In response to allegations of paragraph 96, McGravey re-alleges and incorporates by reference his responses to paragraphs 1-95.

97-99. These paragraphs make no allegations of fact or law against McGravey; therefore, no response is required. To the extent that any such claims are made, McGravey denies them.

Count V   (Styled "Whistleblower")

100. In response to the allegations of paragraph 100, McGravey re-alleges and incorporates by reference his responses to paragraphs 1-99.
101-103. These paragraphs make no allegations of fact or law against McGravey; therefore, no response is required. To the extent that any such claims are made, McGravey denies them.

4/5242-000/#238314

WHEREFORE, McGravey prays that the Complaint be dismissed and that he be awarded his costs of defense, including attorney's fees.

JAMES A. MCGRAVEY

By his attorneys,

10/20/05

Thomas E. Peisch (BBO# 393260)
Michael R. Bernardo (BBO# 648310)
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

**<u>MCGRAVEY DEMANDS TRIAL BY JURY</u>.**

238314.1

## CERTIFICATE OF SERVICE

    I, Michael R. Bernardo, hereby certify that on this date I served a copy of the foregoing Answer and Jury Claim on all parties by mailing a copy thereof, postage prepaid, to:

Richard C. Bardi, Esq.
6 Beacon Street, Suite 410
Boston, MA 02108

James W. Bucking, Esq.
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA  02210-2600

*/s/ Michael Bernardo*
Michael R. Bernardo, Esq.

DATED:  October 20, 2005
238314.1