UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11788 MLW

| | |
|---|---|
| JENNIFER E. PADELLARO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| JAMES A. MCGRAVEY, and | ) |
| CITY OF LAWRENCE, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT JAMES A. MCGRAVEY'S OPPOSITION TO MOTION FOR LEAVE OF COURT TO AMEND PLAINTIFF'S COMPLAINT

Defendant James A. McGravey opposes the Motion for Leave of Court to Amend Plaintiff's Complaint (the "Amendment Motion"), which seeks to add, *inter alia*, "more specific facts and allegations," and claims against Mr. McGravey for negligent infliction of emotional distress, and sexual harassment and retaliation claims under M.G.L. c. 151B. The Amendment Motion, brought by the plaintiff's third set of lawyers nearly sixteen months after she filed a charge with the Massachusetts Commission Against Discrimination ("MCAD"), is too late and makes at least one claim (retaliation) that is futile because the plaintiff failed to exhaust administrative remedies; i.e., she did not assert a claim, or even factual predicates, for retaliation in her MCAD Charge. Accordingly, the Court should deny the Amendment Motion.

## I.    *Factual and Procedural Background*

This action arises out of the plaintiff's employment in the City of Lawrence's Clerk's Office and her work relationship with the City's former Clerk, Mr. McGravey, during the period 1987 to July 14, 2004, when Mr. McGravey resigned as City Clerk. The plaintiff also complains about the City's decision not to hire her as Mr. McGravey's replacement. On or about December

15, 2004, the plaintiff, through Richard Bardi, Esq., filed a charge with the MCAD against Mr.

McGravey and the City of Lawrence, alleging that the respondents discriminated against her on

the basis of sex.[1]  Specifically, the plaintiff alleged that during the course of her employment the

respondents unlawfully harassed and created a sexually hostile work environment for her, in

violation of Title VII and M.G.L. c. 151B. (See MCAD Charge, attached hereto at Tab A).

Notably, the plaintiff did not assert a claim for retaliation against either respondent in either her

Charge or Rebuttal to the position statements submitted by Mr. McGravey or the City, or allege

that Mr. McGravey engaged in discriminatory conduct because she had opposed practices

prohibited under Title VII or M.G.L. c. 151B. (See Tab A; and Plaintiff's MCAD Rebuttal,

attached hereto at Tab B).

On or around August 30, 2005, the plaintiff, through Attorney Bardi, filed the instant

action, asserting claims against the defendants, including claims against Mr. McGravey for

intentional infliction of emotional distress (Count I) and hostile work environment sexual

harassment under Title VII (Count III).[2]  As with her MCAD Charge, the plaintiff did not assert

a claim in her federal complaint for retaliation against either defendant or allege that Mr.

McGravey engaged in discriminatory conduct because she had opposed practices prohibited

under Title VII or M.G.L. c. 151B.

Since the commencement of this case at the MCAD in December of 2004 as well as the

instant lawsuit in August of 2005, the parties, including Mr. McGravey, have undertaken

significant investigation and exchanged position statements, a rebuttal and written discovery on

the issues framed by the MCAD Charge and original Complaint, namely, sexual harassment

---

[1]  For several years prior to 2004, the plaintiff was represented by Attorney Richard Sullivan.
[2]  On or around September 29, 2005, the plaintiff's Charge was withdrawn from the MCAD for purposes of pursuing the instant action.

hostile work environment under Title VII, intentional infliction of emotional distress, and negligence and whistleblower claims against the City.

On March 27, 2006, Attorney Bardi withdrew as counsel for the plaintiff and was replaced by Kevin G. Powers, Esq. and Linda Evans, Esq. These newest attorneys have brought the Amendment Motion. The Amendment Motion provides no justification for the sixteen month delay in attempting to bring retaliation claims against the defendants or, as a corollary, any explanation as to why the plaintiff did not bring retaliation claims against the defendants at the MCAD or in the original Complaint. Further, the plaintiff's proposed Amended Complaint includes forty-four paragraphs of brand new or expanded factual allegations, all of which relate to events that transpired before she filed her MCAD Charge. The plaintiff fails to explain the basis for not including these new or expanded factual allegations in either her MCAD Charge or original Complaint, which would have provided the defendants with additional information to allow for the possibility of early conciliation, investigation of her claims, and formulation of discovery requests.

## II.    Argument

A motion for leave to amend a pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). However, the entitlement to amendment is not without limit. Courts have recognized a number of reasons which justify the denial of a motion to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

**A.    The Amendment Motion As It Relates To The Proposed
Retaliation Claim Against Mr. McGravey Should Be Denied As Futile
Because The Plaintiff Failed To Exhaust Administrative Remedies.**

As a predicate to bringing a civil action in court, Title VII requires a complainant to first

file an administrative charge with the EEOC setting forth the claim and its factual basis.  See

Clockedile v. New Hampshire Dep't of Corrections, 245 F.3d 1, 6 (1st Cir. 2001).  Similarly, one

must file a charge before the MCAD in order to bring suit in court under M.G.L. c. 151B.  See

M.G.L. c. 151B, §§ 5, 9.  "Failure to adequately set forth a discrimination claim at the agency

level generally warrants dismissal for lack of jurisdiction."  Kenney v. MML Investors Services,

Inc., 266 F.Supp.2d 239, 244 (D.Mass. 2003).  The purpose of the charge-filing requirement is to

provide the defendant with prompt notice of the claim and to create an opportunity for early

conciliation.  Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).  See also Luciano v.

Coca-Cola Enterprises, Inc., 2004 WL 1922137, at * 2 (D.Mass. Aug. 30, 2004)(Sterns,

D.J.)(citing, Lattimore, 99 F.3d at 464-465)(while in examining a charge the focus is not on

"literary exactitude," "there is a fundamental policy concern that the charge give adequate notice

to government investigators and the [defendant] of the nature of a plaintiff's claims.").  "That

purpose would be frustrated if the employee were permitted to allege one thing in the

administrative charge and later allege something entirely different in a subsequent civil action."

Kenney, 266 F.Supp.2d 239, 246 (D.Mass. 2003) (citing, Lattimore, 99 F. 3d at 464).

In Kenney, the *pro se* plaintiff's administrative charge alleged race discrimination and

constructive discharge.  When she filed her lawsuit, she added additional sex-based claims,

including a hostile environment claim based on gender discrimination.  Id. at 243-44.  This Court

4

dismissed the additional claims based on sex-discrimination with the observation that a "[p]laintiff ought to be limited to the four corners of her [administrative] charge." Id. at 245.

In the instant case, the plaintiff's MCAD Charge, which was not drafted or filed *pro se*, but with the assistance of Attorney Bardi, recapitulated in thirty-five single-spaced paragraphs over five and one-half pages the discrete incidents that formed the basis of her allegations and claims against the City and Mr. McGravey. The plaintiff's Charge did not include a retaliation claim or factual allegations that would provide notice to the defendants or the MCAD that she was pursuing a retaliation claim against Mr. McGravey. Indeed, there is no factual allegation in the MCAD Charge that Mr. McGravey took action against the plaintiff because she had engaged in activities protected by M.G.L. c. 151B or even that he took action against her with knowledge that the plaintiff had engaged in activities protected by M.G.L. c. 151B.

The First Circuit has held that certain "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency – e.g., the retaliation is for filing the [MCAD] complaint itself." Clockedile, 245 F.3d at 6. The First Circuit also observed in Lattimore that the scope of the civil complaint, while "limited by the charge filed with EEOC [or MCAD]," may also include "the investigation which can reasonably be expected to grow out of that charge." Lattimore, 99 F.3d at 464. But see Ianetta v. Putnam Investments, Inc., 142 F.Supp.2d 131, 134 (D.Mass. 2001)("To be within the investigatory scope, the agency must be informed of the claim in the complaint or during the period of investigation.").

Closer examination of these exceptions, however, reveals that they are inapplicable here. With respect to the retaliation exception described in Clockedile, the First Circuit was concerned with retaliatory conduct which arises *after*, if not as a result of, an employee's invocation of the

agency process.  Such retaliation, the First Circuit explained, "uniquely chills remedies; and by
retaliating against an initial administrative charge, the [defendant] discourages the employee
from adding a new claim of retaliation."  Clockedile, 245 F.3d at 5.  Here, in contrast, the
plaintiff's proposed retaliation cause of action against Mr. McGravey concerns events which
took place in the summer and fall of 2004, all of which occurred prior to the filing of her MCAD
Charge on December 15, 2004.  (See Proposed Amended Complaint, ¶¶ 142-150).  Accordingly,
the Clockedile retaliation exception does not apply.

Further, in support of her proposed retaliation claim against Mr. McGravey the plaintiff
alleges in her proposed Amended Complaint (Count X) that:

> 142.    On or about June 29, 2004, Padellaro reported McGravey's past and present
> sexually harassing conduct to the Mayor.  Padellaro's complaint to the Mayor about
> McGravey's sexual harassment and his creation of a hostile work environment was
> protected activity.
>
> 143.    The Mayor placed Padellaro on administrative leave in order to temporarily
> remove her from her work place during the conduct of an investigation.
>
> 144.    As the result of Padellaro's complaint, the computers in the Clerk's Office, the
> Elections Office, and the City Council Office were examined, and McGravey had
> knowledge that Padellaro had complained about his sexually harassing conduct.
>
> 145.    Mid-investigation, while Padellaro was out on leave, McGravey retaliated against
> Padellaro by attempting to terminate her for "*abandonment of position*."
>
> 146.    Before and after McGravey resigned, on or about July 13, 2004, McGravey was in
> communication with Blanchette, the President of the City Council, about the City Clerk
> position, which McGravey vacated.
>
> 147.    McGravey retaliated against Padellaro for reporting his sexually harassing
> conduct to the Mayor by conspiring with Blanchette to deny Padellaro the pro forma
> appointment as Acting City Clerk and to "disqualify" Padellaro from the permanent
> Clerk position, based on information about Padellaro's educational background, to which
> McGravey was privy.
>
> 148.    As the result of McGravey's retaliation against Padellaro, she was wrongly denied
> employment as Acting City Clerk and/or City Clerk, notwithstanding the facts that

Padellaro had been Assistant City Clerk for eleven (11) years and was already performing the job responsibilities of the City Clerk.

149.    McGravey's retaliation against Padellaro for her engagement in the protected activity of reporting McGravey's sexual harassment to the Mayor was in violation of M.G.L. c. 151B, § 4(4).

150.    On account of McGravey's retaliation against Padellaro, Padellaro has suffered lost wages and a loss of future earning capacity, a loss of employment benefits both past and future, damage to her career, and physical and emotional distress, including but not limited to, major depression, anxiety, humiliation, intimidation, weight loss, headaches, insomnia, flare-ups of irritable bowel syndrome, and recurrences of lupus-related symptoms, including joint pain.

These serious allegations of Mr. McGravey's retaliatory and conspiratorial conduct concerning the City Council and the plaintiff's educational background, as well as his alleged knowledge of the Mayor's investigation of the plaintiff's complaint against him, which date back to the summer of 2004, are absent from the plaintiff's MCAD Charge – without justification, explanation or excuse.  Indeed, as noted above, there is no factual allegation in the MCAD charge that Mr. McGravey took action against the plaintiff because she had engaged in activities protected by M.G.L. c. 151B or even that he took action against her with knowledge that the plaintiff had engaged in activities protected by M.G.L. c. 151B.   Thus, it is not reasonable, as a matter of law, to expect that the MCAD would have investigated Mr. McGravey's alleged retaliatory or conspiratorial conduct as an 'outgrowth' of the sexual harassment claims and allegations made in the plaintiff's Charge.  See Lattimore, 99 F.3d at 464.  This is simply not a case "where the factual statement in the written charge should have alerted the agency to an alternative basis for discrimination [i.e., retaliation], and should have been investigated . . . ," because there were no factual allegations or claims of retaliatory or conspiratorial conduct in the Charge.  Davis v. Lucent Technologies, Inc., 251 F.3d 227, 233 (1st Cir. 2001).

Accordingly, the plaintiff did not exhaust her claim of retaliation, having failed to raise the claim in her MCAD Charge, as required by M.G.L. c. 151B, §§ 5, 9. See Lattimore, 99 F.3d at 464. Thus, the Court does not have jurisdiction to hear the plaintiff's retaliation claim against Mr. McGravey and her motion for leave of court to amend the complaint to add said claim must therefore be denied as futile. Kenney, 266 F.Supp.2d at 244.

**B.    The Amendment Motion Should Be Denied In Its Entirety Because Of The Plaintiff's Undue, Unjustified, and Unexplained Delay In Seeking Leave To Amend The Complaint.**

The plaintiff's proposed Amended Complaint includes forty-four paragraphs of dramatically expanded factual allegations and in some instances brand new ones. See Proposed Amended Complaint, ¶¶ 8, 9, 10, 13, 23, 25, 26, 32, 33, 34, **40**, **42**, **43**, 45, 50, 51, 52, **55**, 56, **57-59**, 61, 62, 63, 65, 66, **68**, 70, **72-74**, 76, 77, **78-85, 87, 88**.[3]  The proposed Amended Complaint also includes six new claims against the defendants. See Proposed Counts II, III, VIII, IX, X, and XI). All of the brand new or expanded factual allegations concern events in the summer/fall of 2004, which the plaintiff knew of or should have known of on or before December 2, 2004 – the date she claims to have gone out on leave. The plaintiff has failed to justify or explain the basis for not including these new or expanded factual allegations in her MCAD Charge (filed on December 15, 2004) or original Complaint (filed on September 28, 2005), which would have provided the defendants with additional information to allow for the possibility of early conciliation, investigation of her claims, and formulation of discovery requests.[4]

Courts look unfavorably on amendments that seek to add facts or theories that could have been included in the original pleading. See, e.g., Gray v. St. Martin's Press, Inc., 221 F.3d

---

[3]  The paragraphs numbered in bold contain the brand new allegations.  The plaintiff failed to set forth in the Amendment Motion any synopsis of the new allegations, requiring a laborious comparison by counsel for the defendants.

[4]  Expanding on a theme in the original Complaint, the plaintiff's new counsel includes a number of false and scurrilous allegations that have no bearing on legal issues and which violate the dictates of Fed.R.Civ.P. 8(a).

243,253 (1st Cir. 2000) (no abuse of discretion in denying leave to amend where the plaintiff in defamation action "could have easily decided which charges he believed to be false" at the outset of the litigation); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (finding delay "unreasonable" where the facts were available to plaintiff when she filed original complaint and amended complaint); First Nat'l Bank of Louisville v. Master Auto Serv. Corp., 693 F.2d 308, 314 (4th Cir. 1982) (denying motion for leave to amend where, *inter alia*, the plaintiff "had not obtained any information that it previously had not known of or had access to."); Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (upholding denial of leave to amend where "all of the facts relevant to the proposed amendment were known to the appellant at the time she filed her original complaint."); Royal Ins. Co. of America v. Southwest Marine, 194 F.3d 1009, 1016-17 (9th Cir. 1999) (upholding denial of leave to amend where the plaintiff "had knowledge of the relevant facts from the inception of the lawsuit."); EEOC v. Boeing Co., 843 F.2d 1213, 1222 (9th Cir. 1988) ("Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied."); Las Vegas Ice and Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."); Nat'l Serv. Indus., Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir. 1982) (no abuse of discretion in denying leave to amend where, *inter alia*, the facts supporting the new pleading were known at the time of the original pleading); Walker v. Benter, 41 F.Supp.2d 1067, 1071 (CD. Cal. 1999) (denying motion for leave to amend where "plaintiffs previously had notice of many of the new facts they seek to add.").

At a minimum, the plaintiff must provide the Court with a convincing reason as to why all of the above-referenced new or expanded factual allegations and claims were not included in the MCAD Charge or the original Complaint. See Albin v. Cosmetics Plus, N. Y., Ltd, No. 97 CIV. 2670(WK), 1999 WL 111928, * 2 (S.D.N.Y. Mar. 3, 1999) (denying leave to amend where there was no "reasonable explanation" for the failure to allege counterclaims in the original responsive pleading that were known to the defendants eight months before the complaint was filed).

The plaintiff's motion utterly fails to identify any excuse - much less a "reasonable" one - as to why these numerous and detailed, new factual allegations and claims, which the plaintiff knew of or should have known of at least nine months before the initiation of this action, were not pled in the original Complaint or at some point during the seven months since the plaintiff filed her original Complaint. Therefore, the plaintiff's Amendment Motion should be denied for undue delay. See, e.g., Reisner v. General Motors Corp., 511 F. Supp. 1167, 1172 (S.D.N.Y. 1981) (denying leave to amend where "[n]o justification for the delay" in presenting "new factual allegations" and a "new theory" was provided in plaintiffs' moving papers and memorandum).

WHEREFORE, Defendant James A. McGravey respectfully requests that this Court deny the Motion for Leave of Court to Amend Plaintiff's Complaint in its entirety.

Respectfully submitted,

JAMES A. MCGRAVEY

By his attorneys,

Thomas E. Peisch BBO#393260
Michael R. Bernardo BBO#648310
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

DATED: April 19, 2006
251528.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party (by mail) (by hand) on 4/19/06.