**ATTACHMENT**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civil Action No. 05-CV-11788-MLW**

| | |
|---|---|
| JENNIFER PADELLARO, **Plaintiff** | ) ) ) |
| v. | ) ) |
| JAMES MCGRAVEY and CITY OF LAWRENCE, **Defendants** | ) ) ) ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE OF COURT TO FILE A REPLY IN SUPPORT OF
## PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S COMPLAINT

The Court should grant Plaintiff's motion to amend her complaint because

(1) Plaintiff's M.G.L. c. 151B retaliation claim against Defendant McGravey

(hereinafter referred to as "McGravey") arises from the same predicate facts as her

claim of sexual harassment/hostile work environment set forth in her MCAD

charge and/or the claims in her original Court complaint; and (2) Defendant

McGravey will not be prejudiced by the granting of Plaintiff's motion to amend

her complaint.

### I. The Charge and Complaint Allege Facts to Support Retaliation

Defendant McGravey incorrectly argues that Count X of Plaintiff's

amended complaint, which alleges retaliation by McGravey under M.G.L. c.

151B, does not come within the "scope of investigation rule." *McGravey's*

*Opposition*, at 4-8. The "scope of investigation rule" provides that the scope of a civil action encompasses acts of discrimination that the MCAD investigation could reasonably be expected to uncover. *Conroy v. Boston Edison Co.*, 758 F. Supp. 54, 58 (D. Mass. 1991). Accordingly, the wording of the MCAD charge need not "presage with literary exactitude the judicial pleadings which may follow." *Id.* (citations omitted).

Plaintiff's responsibility at the MCAD was to state facts, which she did. *Plaintiff's Memorandum, Exhibit 2.* McGravey attempts to create a false dichotomy between the two claims, a hostile work environment and retaliation, which the alleged facts support. In her MCAD charge, Plaintiff characterized the facts as sexual harassment, based on a hostile work environment. Retaliation, like sex-based harassment, is a form of discrimination. *Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 83 (1st Cir. 2001). Although a hostile work environment claim and a retaliation claim have different burdens of proof, those claims may be based on the same facts. *Wong v. City of Cambridge*, 16 Mass. L. Rptr. 48, Mass. Super. LEXIS 70, *17 (2003). Plaintiff should not be penalized by having to decide at the early MCAD stage whether the actions (facts) that she states in her charge were the result of a discriminatory and/or a retaliatory state of mind.

Plaintiff alleged facts, which upon investigation by the MCAD, could be found to support more than one legal theory; that is, retaliation, in addition to a hostile work environment. *Burke v. Raytheon Co.*, 1 Mass. L. Rptr. 364, 1993

2

Mass. Super. LEXIS 354, *10 (1993) (the civil action is not determined by the

specific language of the MCAD charge, but rather by acts of discrimination that

the MCAD investigation could reasonably be expected to uncover, whether or not

the claim was ever investigated). Plaintiff specifically alleged the following facts,

which support her M.G.L. c. 151B claim of retaliation against McGravey.

Plaintiff alleged:

> …[Upon the advice of counsel], *I informed the Mayor* of the City of
> Lawrence, Michael J. Sullivan, *of McGravey's actions. During the*
> *Mayor's two (2) week investigation arising from my complaints about*
> *McGravey,* the Mayor's office allowed me to take a paid leave of
> absence, as I was unable to work because of the anxiety I was suffering
> from as a result of my *fear of retaliation by McGravey.* McGravey
> continued to harass me during my period of leave, by *attempting to have*
> *me terminated for abandonment of my position,* which was reported to
> me by the Acting Personnel Director, Elie Bernabel.

*Plaintiff's Memorandum, Exhibit 2* at 4, ¶ 4 (emphasis added). In the next

paragraph, Plaintiff states that "*[McGravey] intimidated me by telling me 'he does*

*not wound those that cross him, he kills.'*" *Id.* at ¶ 5 (emphasis added).

  Thus, Plaintiff alleged that she engaged in protected activity; that is, she

complained to the Mayor about McGravey's sexual harassment; Plaintiff's

complaint triggered a two-week investigation of McGravey's conduct; Plaintiff

feared retaliation from McGravey after she complained to the Mayor; McGravey

boasted about being revengeful when someone crossed him; and during the

Mayor's investigation, McGravey tried to terminate Plaintiff's employment.

*Plaintiff's Memorandum, Exhibit 2,* at 4, ¶¶ 4-5. McGravey incorrectly asserts

that Plaintiff was required to file a charge with an agency before she could be the

3

object of retaliation for engaging in protected activity. *McGravey's Opposition*, at 5-6; *Noviello v. City of Boston*, 398 F.3d 76, 82, 86 (1st Cir. 2005) (reports of sexual harassment to hierarchs of the employer constitute protected activities).

The predicate facts, which Plaintiff alleged in her MCAD charge, give rise to claims of a hostile work environment and/or retaliation. The fact that Plaintiff referred to McGravey's effort to terminate her, during the investigation of his conduct, as harassment [based on a hostile work environment], instead of retaliation, is immaterial. The First Circuit Court has held that a hostile work environment can constitute a retaliatory adverse employment action, under M.G.L. c. 151B, § 4(4). *Noviello v. City of Boston*, 398 F. 3d at 88, 90-91 (2005). Further, a reasonable investigation of Plaintiff's sexual harassment claim, at the MCAD, would have alerted the agency to the alternative basis of discrimination – retaliation. *Conroy v. Boston Edison Co.*, 758 F. Supp. at 58 (where factual statements in the charge should have alerted the agency to an alternative basis of discrimination for investigation, plaintiff may allege this claim in her complaint regardless of whether it was actually investigated).

Plaintiff also alleged facts in her MCAD charge and/or original Court complaint, which impute and support her allegation that McGravey and Patrick Blanchette, Chair of the City Counsel, conspired to prevent Plaintiff's appointment to the City Clerk position, vacated by McGravey as the result of Plaintiff's complaint. Among other related allegations, Plaintiff alleged that (1) McGravey and Blanchette communicated with one another during the City Council's search

4

for a new City Clerk, *Plaintiff's Memorandum, Exhibit 2*, at 5, ¶¶ 1, 6; *Complaint*, ¶¶ 71, 73; (2) Blanchette tried to conceal his communications with McGravey from Plaintiff, *Plaintiff's Memorandum, Exhibit 2*, at 5, ¶¶ 1, 6; (3) Blanchette was openly hostile and retaliatory towards Plaintiff, *Plaintiff's Memorandum, Exhibit 2*, at 4, ¶¶ 7-8 through 6, ¶ 2; *Complaint*, ¶¶ 71-76; and (4) the City retaliated against Plaintiff for disclosing McGravey's conduct by not naming Plaintiff as successor City Clerk, *Complaint*, ¶ 101.

Given these allegations, as well as Plaintiff's fear of McGravey's retaliation and his attempt to terminate Plaintiff, Plaintiff's allegation that McGravey and Blanchette conspired to deprive Plaintiff of the Clerk position arises from the same predicate facts and merely builds upon the facts and allegations in Plaintiff's MCAD charge and in her complaint. *Conroy v. Boston Edison Co.*, 758 F. Supp. at 58 (amendments alleging new protected categories of discrimination relate back to the original filing where the predicate facts underlying each claim are the same).

Plaintiff's amended complaint fleshes out facts that she previously alleged and identifies additional legal theories that are supported by those facts. Contrary to McGravey's contention that Plaintiff had an obligation to plead, in her original complaint, all legal theories that could have been pled, she was merely required to provide "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff's original Court complaint more than met this requirement.

5

## II. McGravey Will Not Be Prejudiced by the Granting of Plaintiff's Motion

There has been no scheduling conference in this case, and Defendant McGravey cannot possibly be prejudiced by Plaintiff's amendments, at this early stage of the litigation. In fact, the scheduling conference will not take place until May 30, 2006, almost two months after Plaintiff filed her motion for leave of court to amend, on April 6, 2006. In contrast, Plaintiff will be severely prejudiced if she is denied the opportunity to more clearly explicate the legal theories, which are supported by the facts and allegations of her case. Just as Plaintiff was not required to plead every fact, every allegation, and/or every legal theory in her original Court complaint, she is not now prohibited from filing a more detailed complaint, conforming to the evidence. Fed. R. Civ. P. 15(b) (permitting amendments to conform to the evidence, even after judgment).

### Conclusion

For the aforestated reasons and the reasons set forth in Plaintiff's memorandum in support of her motion for leave of court to amend, Plaintiff's Motion for Leave of Court to Amend Plaintiff's Complaint should be granted. Plaintiff requests that justice be done to bring the complaint in compliance with the evidence and with the legal theories, which are supported by that evidence. Accordingly, Plaintiff respectfully requests that the Court grant her motion for leave to amend her complaint.

Respectfully submitted,


Jennifer Padellaro
By her Attorneys,


/s/ Linda Evans
Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010


MemoMotReply1

7