UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-11788-MLW

|  |  |
|---|---|
| JENNIFER PADELLARO, <br> Plaintiff <br><br> v. <br><br> JAMES MCGRAVEY and <br> CITY OF LAWRENCE, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF JENNIFER PADELLARO'S
FED. R. CIV. P. 26.2(A) DISCLOSURE STATEMENT**

Plaintiff Jennifer Padellaro hereby submits to the Defendants her initial disclosure in compliance with Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A).

I.   Individuals Likely to Have Discoverable Information

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Plaintiff states that she believes that the following individuals are likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings:

1.   Jennifer Padellaro, Plaintiff, 36 Hansom Drive, Merrimac, MA 01860, has knowledge as to all facts alleged in the pleadings.

2.   James McGravey, 14 Mount Vernon Circle, Lawrence, MA 01843, has knowledge concerning his conduct as City Clerk and Plaintiff's supervisor.

3. Carole Morin, 24 Riverview Boulevard, Methuen, MA, (978) 682-9610, has knowledge concerning incidents in the City Clerk's Office.

4. Maria Morcelo, 21 Dorchester Street, Lawrence, MA 01843, has knowledge concerning incidents in the City Clerk's Office.

5. Robert Poulin, 487 Andover Street, Lawrence, MA 01843, an employee in the Elections Department, has knowledge about Plaintiff's voter registration, the registration of other City employees, and pornography on computers in City Hall.

6. Louise Remillard, former Clerk in Lawrence Election Department, Lawrence, MA 01843, has knowledge about Plaintiff's voter registration and the registration of other City employees.

7. Lawrence Lefebre, 76 Salem Street, Lawrence, MA, (978) 689-2671, has knowledge concerning incidents in the City Clerk's Office and in City Hall.

8. Hon. Michael J. Sullivan, 8 Burlington Street, Lawrence, MA, (978) 685-1720, has knowledge concerning incidents in the City Clerk's Office and in City Hall.

9. William Maloney, City Clerk, City of Lawrence, MA 01843, has knowledge concerning the selection of the City Clerk in 2004.

10. Eli Bernabe, 12 Westwood Terrace, Lawrence, MA (978) 687-8677, has knowledge concerning incidents in the City Clerk's Office and in City Hall.

11. Patrick Blanchette, 91 High Street, Lawrence, MA, (978) 683-7982, has knowledge concerning incidents in the City Clerk's Office, in City Hall, and pertaining to the selection of a City Clerk in 2004.

12.  Israel Reyes, 53 Pleasant Street, Lawrence, MA, (978) 258-0139, has knowledge concerning incidents in the City Clerk's Office, in City Hall, and pertaining to the selection of a City Clerk in 2004.

13.  Nicholas Kolofolas, 35 Ames Street, Lawrence, MA, (978) 688-3705, has knowledge concerning incidents in the City Clerk's Office, in City Hall, and pertaining to the selection of a City Clerk in 2004.

14.  Gilbert Frechette, 14 Bourque Street, Lawrence, MA, (978) 682-7917, has knowledge concerning incidents in the City Clerk's Office, in City Hall, and pertaining to the selection of a City Clerk in 2004.

15.  Robert O'Sullivan, former Assistant City Attorney, 12 Spencer Court, Andover, MA 01810, has knowledge concerning incidents in the City Clerk's Office and in City Hall.

16.  Richard Savage, 1010 True Brook Road, Saranac, NY, has knowledge concerning incidents in the City Clerk's Office.

17.  Robert Maldanado, 114 Butler Street, Lawrence, MA, (978) 685-9114, has knowledge concerning incidents in the City Clerk's Office.

18.  Kevin Clement, One Thomas Road, Lawrence, MA 01843, Mayoral Aide to Patricia Dowling, Lawrence, MA 01843, has knowledge of incidents in the City Clerk's Office and in City Hall.

19.  Patricia Dowling, 60 Jefferson Street, Lawrence, MA 01843, former Mayor, has knowledge of incidents in the City Clerk's Office and in City Hall.

20. Lillian Michaud, 119 Pleasant Valley Street, Methuen, MA 01844, City Council Secretary, has knowledge concerning incidents in the City Clerk's Office and in City Hall.

21. Carol Hajjar McGravey, 14 Mt. Vernon Circle, Lawrence, MA 01843, former City Attorney for Lawrence, has knowledge concerning incidents in City Hall.

22. Susan D'Agati, One Sawmill Road, Danville, NH, Attorney's Office for the City, has knowledge concerning incidents in the City Clerk's Office and in City Hall.

23. Annette Messina, 12 Birchwood Drive, Windham, NH, former employee in the Department of Public Works and the Police Department, has knowledge concerning incidents in the City Clerk's Office and in City Hall.

24. Teresa Vega, 8 Hall Street, Lawrence, MA, (978) 258-0522, has knowledge concerning incidents in the City Clerk's Office and in City Hall.

25. Richard Reyes, former employee in the City Clerk's Office, Lawrence, MA 01843, has knowledge about incidents in the City Clerk's Office.

26. Yolanda Rodriguez, former employee in the City Clerk's Office, has knowledge concerning incidents in the City Clerk's Office.

27. Myles Burke, 10 Mt. Vernon Terrace, Lawrence, MA, (978) 685-7013, has knowledge concerning incidents in the City Clerk's Office and in City Hall.

28. Thomas Schiavone, City Hall, Lawrence, MA 01843, has knowledge concerning incidents in the City Clerk's Office and in City Hall.

29.  Sheryl Wright, 17 Mt. Auburn Street, Lawrence, MA 01843, Comptroller, has knowledge concerning the financial management of the City Clerk's Office.

30.  David Padellaro, Plaintiff's spouse, 36 Hansom Drive, Merrimac 01860, has knowledge about Plaintiff's work-related stress and emotional distress, throughout Plaintiff's employment in the City Clerk's Office.

31.  Eleanor Smith, Plaintiff's mother, 7 South Bowdoin Street, Lawrence, MA, has knowledge about Plaintiff's work-related stress and emotional distress, throughout Plaintiff's employment in the City Clerk's Office.

32.  George G. Smith, Plaintiff's brother, 3 Eastside Street, Lawrence, MA, has knowledge concerning incidents in the City Clerk's Office.

33.  Marcia G. Chwalek, N.P., S. Christine Kovacs, M.D., Lahey Clinic, 41 Mall Road, Burlington, MA 01805, have knowledge about Plaintiff's stress-related medical conditions.

34.  Dr. Choic, Massachusetts General Hospital, 55 Fruit Street, Boston, MA 02114, has knowledge concerning Plaintiff's stress-related medical conditions.

35.  Miriam Rosenberg, M.D., 206 Glezen Lane, Wayland, MA 01778, has knowledge concerning Plaintiff's work-related stress and emotional distress.

36.  Leo W. Lane, D.O., 421 Merrimac Street, Suite 201, Methuen, MA 01844, has knowledge concerning Plaintiff's stress-related medical conditions.

37.  Stephen S. Berszansky, M.D., Family Care Associates, LLC, 65 Central Street, Georgetown, MA 01833, has knowledge concerning Plaintiff's stress-related medical conditions.

38. Daniel E. Cole, M.D., FCCP, 565 Turnpike Street, North Andover, MA 01845, has knowledge concerning Plaintiff's stress-related medical conditions.

39. Melvin Nagler, 3 Market Street, Newburyport, MA 01950, has knowledge concerning Plaintiff's work-related stress and emotional distress.

40. Michael Braverman, M.D., 339 Broadway, Suite 1, Cambridge, MA 02139, has knowledge concerning Plaintiff's work-related stress and emotional distress.

41. Nilka-Alvarez-Rodriguez, 21 Hoffman Avenue, Lawrence, MA, (978) 681-0662, has knowledge concerning residency requirements for City employees and/or representatives and conduct during Executive Sessions of the City Council.

42. Marcos Devers, 35 Howard Street and/or 118 Woodland Street, Lawrence, MA 01843, former City Council President, has knowledge concerning residency requirements, maintaining residences, and running for public office.

43. Joseph Guifridda has knowledge concerning residency requirements and maintaining residences for City employees and/or representatives.

44. Carlos Matos, City Councilor, has knowledge concerning the selection of a City Clerk in 2004.

45. Joseph Parolisi, City Councilor, has knowledge concerning the investigation of McGravey's conduct in 2004, McGravey's resignation, and Plaintiff's filing a complaint against McGravey.

46. Michael Fielding, City Councilor, has knowledge concerning the selection of a City Clerk in 2004.

47.   Judi Perkins, 63 Rollins Street, Lawrence, MA 01843, has knowledge concerning McGravey's conduct and Plaintiff's work-related stress.

48.   Peter Slipp, Methuen, MA has knowledge concerning Plaintiff's complaints about McGravey's conduct.

II.   Description of Documents

Pursuant to Fed. R. Civ. P. 26(a)(1)(B) and Local Rule 26.2(A), Plaintiff provides the following description of the categories of documents she possesses that are relevant to disputed facts alleged with particularity in the pleadings.

1.   Plaintiff's Complaint

2.   Documents from Plaintiff's Personnel File

3.   Documents concerning Plaintiff's job responsibilities

4.   Plaintiff's Calendar

5.   E-mails sent from Plaintiff's computer and/or e-mail account

6.   Website downloads

7.   Documents concerning the City's workplace policies and practices

8.   Documents concerning Plaintiff's internal complaints

9.   Plaintiff's MCAD/EEOC charge and related documents

10.  Documents and photographs concerning McGravey' job performance

11.  Documents concerning Plaintiff's performance of Acting Clerk duties

12.  Documents concerning City job postings

13.  Documents concerning the selection of a new City Clerk in 2004

14. Documents concerning Town Meeting law

15. Newspaper article concerning Plaintiff's lawsuit

16. Documents concerning Plaintiff's altercation with Lefebre

17. Documents concerning Plaintiff's leaves from work

18. Plaintiff's Medical Records

III. <u>Computation of Damages</u>

Plaintiff hereby provides a computation of damages, pursuant to Fed. R. Civ. P. 26(C).

A. <u>Wages Lost as Assistant City Clerk – 12/13/04 to 5/1/06</u>[1]

Annual Salary, $44,754.32 = $860.66 per week

| | |
|---|---|
| 3 weeks not paid in 2004 | $ 2,581.98 |
| 52 weeks not paid in 2005 = $44,754.32 | 38,728.83 |
|    less $6,024.49 from a disability payment and liquidation of a retirement account ($4,450.00 + $1,575.49) | |
| 17 weeks not paid in 2006 by 5/1/06 | 14,631.22 |
| Net loss as <u>Assistant City Clerk</u> As of 5/1/06 | $ 55,942.03[2] |

<u>Future Lost Wages as Assistant City Clerk</u>

| | |
|---|---|
| 35 weeks (5/1/06 – 12/31/06) x $860.66 | = $ 30,123.10 |
| Estimated Total Loss by 12/31/06 | = $ 86,065.13 |
| Annual Loss beyond 2006 | = $ 44,754.32 |

---

[1] Lost damages have been calculated to May 1, 2006. Service of process was on or about September 30, 2005. If the damages were recalculated to that date, the wages lost per week in 2005 would be based on 39 weeks, instead of the 52 weeks that have been used in this calculation.

[2] These figures are estimates and may change, depending on Plaintiff's worker's compensation.

($86,065.13 + $44,754.32) Subtotal of          = $ 130,819.45
Lost Wages

### Wages Lost as City Clerk – Sept. 21, 2004 to May 1, 2006

City Clerk, $55,282.00 per year salary = $1,063.11 per week

14.5 weeks not paid from 9/21/04, when
   Mahoney sworn in as City Clerk to 12/31/04   =     $  15,415.10
Less money earned as Asst. Clerk,=                           9,897.59
   From 9/21/04 to 12/12/04 (11.5 weeks x
   $860.66)
                                                                                                 $  5,517.51
Plus income lost from 12/13/04 to 12/31/04                   3,189.33
   as City Clerk, after left work = 3 weeks x
   $1,063.11
                       Loss in 2004      $  8,706.84

52 weeks not paid $1,063.11 in 2005         =   $ 49,256.51
   ($55,282.00) less $6,025.49 received

17 weeks not paid in 2006 by 5/1/06          =   $ 18,072.87
   (17 x $1,063.11)

Net Loss as City Clerk                            $ 67,417.06


### Future Lost Wages as City Clerk

35 weeks (5/1/06-12/31/06) x $1,063.11       = $ 37,208.85

Estimated Total Loss by 12/31/06             = $ 104,625.91

Annual Loss beyond 2006                      = $ 55,292.00

9

Plaintiff seeks emotional distress damages to be determined by a trier of fact. Plaintiff seeks punitive damages in an amount to be determined by a trier of fact. Plaintiff seeks interest to be determined by the clerk, clerk of court, and/or trier of fact. Plaintiff seeks attorney's fees and costs to be determined by the court and the clerk of the court.

## Conclusion

The above disclosures wholly satisfy the initial discovery requirements of Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A).

Respectfully submitted,

s/Linda Evans
Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

Rule 26(a)(1) Disclosure