UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-11788-MLW

|  |  |
|---|---|
| JENNIFER PADELLARO,<br>Plaintiff<br><br>v.<br><br>JAMES MCGRAVEY and<br>CITY OF LAWRENCE,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

PLAINTIFF JENNIFER PADELLARO'S
FED. R. CIV. P. 26.1((B)(1) DISCLOSURE STATEMENT

I, Jennifer Padellaro, Plaintiff in this action, hereby submit to the

Defendants my disclosure statement, pursuant to Local Rule 26.1(B)(1).

I.   Economic Loss and Computation of Damages

A.   Wages Lost as Assistant City Clerk – 12/13/04 to 5/1/06[1]

Annual Salary, $44,754.32 = $860.66 per week

| | |
|---|---|
| 3 weeks not paid in 2004 | $   2,581.98 |
| 52 weeks not paid in 2005 = $44,754.32<br>   less $6,024.49 from a disability payment<br>   and liquidation of a retirement account<br>   ($4,450.00 + $1,575.49) | 38,728.83 |
| 17 weeks not paid in 2006 by 5/1/06 | 14,631.22 |
| Net loss as <u>Assistant City Clerk</u><br>As of 5/1/06 | $ 55,942.03 |

---

[1] Lost damages have been calculated to May 1, 2006. Service of process was on or about September 30, 2005. If the damages were recalculated to that date, the wages lost per week in 2005 would be based on 39 weeks, instead of the 52 weeks that have been used in this calculation.

### Future Lost Wages as Assistant City Clerk

| | |
|---|---|
| 35 weeks (5/1/06 – 12/31/06) x $860.66 | = $ 30,123.10 |
| Estimated Total Loss by 12/31/06 | = $ 86,065.13 |
| Annual Loss beyond 2006 | = $ 44,754.32 |
| ($86,065.13 + $44,754.32) Subtotal of Lost of Lost Wages | = $ 130,819.45 |

### Wages Lost as City Clerk – Sept. 21, 2004 to May 1, 2006

City Clerk, $55,282.00 per year salary = $1,063.11 per week

14.5 weeks not paid from 9/21/04, when
   Mahoney sworn in as City Clerk to 12/31/04   =   $ 15,415.10
Less money earned as Asst. Clerk,=   9,897.59
   From 9/21/04 to 12/12/04 (11.5 weeks x
   $860.66)
                                                                             $ 5,517.51

Plus income lost from 12/13/04 to 12/31/04   3,189.33
   as City Clerk, after left work = 3 weeks x
   $1,063.11

                                  Loss in 2004   $ 8,706.84

| | |
|---|---|
| 52 weeks not paid $1,063.11 in 2005 ($55,282.00) less $6,025.49 received | = $ 49,256.51 |
| 17 weeks not paid in 2006 by 5/1/06 (17 x $1,063.11) | = $ 18,072.87 |
| Net Loss as Result of Non-Appointment to City Clerk Position | $ 67,417.06 |

### Future Lost Wages as City Clerk

| | |
|---|---|
| 35 weeks (5/1/06-12/31/06) x $1,063.11 | = $ 37,208.85 |
| Estimated Total Loss by 12/31/06 | = $ 104,625.91 |

Annual Loss beyond 2006                         = $ 55,292.00

These figures are estimates and may change with respect to a worker's compensation offset. In addition to these damages, I am seeking emotional distress damages, punitive damages, interest, attorney's fees, and costs to be determined by the trier of fact, the court, and/or the court clerk.

II.     Persons Believed to Have Discoverable Information

1.      I, Jennifer Padellaro, have knowledge as to all facts alleged in the pleadings.

2.      James McGravey has knowledge concerning his conduct as City Clerk and my supervisor.

3.      Carole Morin has knowledge concerning James McGravey's conduct in the City Clerk's Office.

4.      Maria Morcelo has knowledge concerning James McGravey's conduct in the City Clerk's Office.

5.      Robert Poulin has knowledge about my voter registration, the registration of other City employees, and pornography on computers in City Hall.

6.      Louise Remillard has knowledge about my voter registration and the registration of other City employees.

7.      Lawrence Lefebre has knowledge concerning McGravey's conduct, my complaints, and his own conduct.

8. Hon. Michael J. Sullivan has knowledge concerning McGravey's conduct in the City Clerk's Office.

9. William Maloney has knowledge concerning the selection of the City Clerk in 2004.

10. Eli Bernabe has knowledge concerning incidents in the City Clerk's Office and in City Hall.

11. Patrick Blanchette has knowledge concerning McGravey's conduct and incidents in City Hall, pertaining to the selection of a City Clerk in 2004.

12. Israel Reyes has knowledge concerning McGravey's conduct and incidents in City Hall, pertaining to the selection of a City Clerk in 2004.

13. Nicholas Kolofolas has knowledge concerning McGravey's conduct and incidents in City Hall, pertaining to the selection of a City Clerk in 2004.

14. Gilbert Frechette has knowledge concerning McGravey's conduct and incidents in City Hall, pertaining to the selection of a City Clerk in 2004.

15. Robert O'Sullivan has knowledge concerning McGravey's conduct and my complaints.

16. Richard Savage has knowledge concerning McGravey's conduct in the City Clerk's Office.

17. Robert Maldonado has knowledge concerning incidents in the City Clerk's Office.

18. Kevin Clement has knowledge of incidents in the City Clerk's Office and in City Hall.

19.  Patricia Dowling has knowledge of incidents in the City Clerk's Office and in City Hall.

20.  Lillian Michaud has knowledge concerning McGravey's conduct in the City Clerk's Office.

21.  Carol Hajjar McGravey has knowledge concerning incidents in City Hall.

22.  Susan D'Agati has knowledge concerning incidents in the City Clerk's Office and in City Hall.

23.  Annette Messina has knowledge concerning McGravey's conduct.

24.  Teresa Vega has knowledge concerning incidents in the City Clerk's Office and in City Hall.

25.  Richard Reyes has knowledge about incidents in the City Clerk's Office.

26.  Yolanda Rodriguez has knowledge concerning McGravey's conduct in the City Clerk's Office.

27.  Myles Burke has knowledge concerning incidents in the City Clerk's Office and in City Hall.

28.  Thomas Schiavone has knowledge concerning incidents in the City Clerk's Office and in City Hall.

29.  Sheryl Wright has knowledge concerning the financial management of the City Clerk's Office.

30.  David Padellaro has knowledge about my work-related stress and emotional distress, throughout my employment in the City Clerk's Office.

31. Eleanor Smith has knowledge about my work-related stress and emotional distress, throughout my employment in the City Clerk's Office.

32. George G. Smith has knowledge concerning McGravey's conduct in the City Clerk's Office.

33. Marcia G. Chwalek, N.P., and S. Christine Kovacs, M.D., Lahey Clinic, have knowledge about my stress-related medical conditions.

34. Dr. Choi, Massachusetts General Hospital, has knowledge concerning my stress-related medical conditions.

35. Miriam Rosenberg, M.D., has knowledge concerning my work-related stress and emotional distress.

36. Leo W. Lane, D.O., has knowledge concerning my stress-related medical conditions.

37. Stephen S. Berszansky, M.D., Family Care Associates, LLC, has knowledge concerning my stress-related medical conditions.

38. Daniel E. Cole, M.D., FCCP, has knowledge concerning my stress-related medical conditions.

39. Melvin Nagler has knowledge concerning my work-related stress and emotional distress.

40. Michael Braverman, M.D., has knowledge about my work-related stress and emotional distress.

41. Nilka-Alvarez-Rodriguez has knowledge concerning residency requirements for City employees and/or representatives and knowledge concerning conduct during Executive Sessions of City Council.

42. Marcos Devers has knowledge concerning residency requirements, maintaining residences, and running for public office.

43. Joseph Guifridda has knowledge concerning residency requirements and maintaining residences for City employees and/or representatives.

44. Carlos Matos has knowledge concerning the selection of a City Clerk in 2004.

45. Joseph Parolisi has knowledge concerning the investigation of McGravey's conduct in 2004, McGravey's resignation, and my filing a complaint against McGravey.

46. Michael Fielding has knowledge concerning the selection of a City Clerk in 2004.

47. Judi Perkins has knowledge concerning McGravey's conduct and my work-related stress.

48. Peter Slipp has knowledge of my complaints about McGravey's conduct.

III. <u>Statements Obtained from the Defendants or their Agents</u>

To date, I have not obtained any statements from the defendants and/or any City of Lawrence employees and/or agents.

IV.  Governmental Agencies or Officials Who Have Investigated Claims

Robert O'Sullivan, Lawrence Lefebre, and/or the Hon. Michael J. Sullivan, as employees of the City of Lawrence, may have investigated my complaints that my supervisor, Town Clerk James McGravey, used my office computer, and other employees' computers, to access pornographic websites.

The Massachusetts Commission Against Discrimination and/or the EEOC may have investigated the claims in my charge against James McGravey and the City of Lawrence, which I filed, prior to filing this lawsuit in Court.

The Massachusetts Department of Industrial Accidents investigated my claim for compensation for emotional injury I sustained at my workplace with the City of Lawrence.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, on this

_____2nd_____ day of June, 2006.

_____
Jennifer Padellaro

                                        Respectfully submitted,

                                        Jennifer Padellaro
                                        By her Attorneys,

                                        s/Linda Evans_____
                                        Kevin G. Powers, BBO #405020
                                        Linda Evans, BBO #635078

Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

LocRule26.1(B)(1)