UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | |
|---|---|
| JENNIFER PADELLARO, | . |
| | . |
| Plaintiff, | .    CIVIL ACTION NO. 05-11788-MLW |
| | . |
| v. | . |
| | . |
| JAMES MCGRAVEY and | . |
| CITY OF LAWRENCE, | . |
| | . |
| Defendants. | . |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DEFENDANT CITY OF LAWRENCE'S ANSWER
### TO PLAINTIFF'S AMENDED COMPLAINT

Defendant City of Lawrence hereby answers the amended Complaint of Plaintiff Jennifer Padellaro. All allegations not specifically admitted herein are denied.

### FIRST DEFENSE

Defendant states that the allegations of the first two paragraphs are merely introductory and legal in nature, describing the nature of the action and jurisdiction, and therefore no response is required. To the extent a response is required, defendant denies the allegations of said paragraphs.

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.    Defendant admits the allegations of paragraph 3.

4.    Defendant admits the allegations of paragraph 4.

B3220093.1

5.      Defendant admits the allegations of paragraph 5.

6.      Defendant admits the allegations of paragraph 6.

7.      Defendant admits the allegations of paragraph 7.

8.      Defendant denies the allegations of paragraph 8.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's pregnancy. Further answering, Defendant admits that McGravey refused to allow Padellaro to "borrow" sick time from her husband when she was pregnant, and otherwise denies the allegations of paragraph 9.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, and denies the allegations in the second sentence, of paragraph 13.

14.     Defendant admits the allegations in the first sentence, and denies the allegations in the second sentence, of paragraph 14.

15.     Defendant denies the allegations of paragraph 15.

16.     Defendant admits that in approximately 1998 McGravey logged on to inappropriate websites including one called "Flash Mountain," which purported to show images of semi-clothed women on a Disney ride.

17.     Defendant denies the allegations of paragraph 17.

18.     Defendant denies the allegations of paragraph 18.

19.     Defendant denies the allegations of paragraph 19.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence, and denies the allegations in the second sentence of paragraph 20.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25.     Defendant admits that Plaintiff met with Assistant City Attorney Robert O'Sullivan and told O'Sullivan that McGravey was using her computer to access inappropriate websites, denies that she had an appointment, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.     Defendant admits that Plaintiff told O'Sullivan that she was telling him about McGravey's conduct because she wanted someone to know about it so she would not get in any trouble if the City found inappropriate websites on her computer, and that O'Sullivan agreed to keep their discussion confidential, and otherwise denies the allegations of paragraph 26.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.    Defendant denies the allegations of paragraph 29.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 .

33.    Defendant admits that the Personnel Department issued a memorandum in or about March 2000 concerning e-mail and internet access, states that the memorandum speaks for itself, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.    Defendant denies the allegations of paragraph 35.

36.    Defendant denies the allegations of paragraph 36.

37.    Defendant admits the allegations of paragraph 37.

38.    Defendant admits that McGravey was an aide to Lefebre when he was Mayor, but denies the remaining allegations of paragraph 38.

39.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42.

43.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43.

44.    Defendant admits that on May 8, 2000, Lefebre wrote a letter to Attorney Richard Sullivan, states that the letter speaks for itself, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.    Defendant denies the allegations in paragraph 45.

46.    Defendant denies the allegations of paragraph 46.

47.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.    Defendant admits that Sullivan sent Lefebre a letter dated May 15, 2000, and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48.

49.    Defendant denies the allegations of paragraph 49.

50.    Defendant admits that LeFebre sent a letter to Attorney Richard Sullivan on May 26, 2000, and states that the letter speaks for itself.

B3220093.1                                    - 5 -

51.    Defendant denies the allegations of paragraph 51.

52.    Defendant denies the allegations of paragraph 52.

53.    Defendant denies the allegations of paragraph 53.

54.    Defendant denies the allegations of paragraph 54.

55.    Defendant denies the allegations of paragraph 55

56.    Defendant admits that Plaintiff was Carol Morin's supervisor, and otherwise denies the allegations of paragraph 56.

57.    Defendant admits that Plaintiff met with Peter Slipp in June 2004, and that she told Slipp that Carol Morin had expressed distaste over something McGravey had done concerning websites, and that as Carol's supervisor she believed that she should do something, but was unsure of what action to take, that at the time a former administrative assistant was performing the duties of Personnel Director, and otherwise denies the allegations of paragraph 57.

58.    Defendant denies the allegations of paragraph 58.

59.    Defendant denies the allegations of paragraph 59.

60.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 60.

61.    Defendant admits that Plaintiff met with Mayor Sullivan and showed him a draft letter that she and her then-attorney prepared to submit to the City, states that the letter speaks for itself, and otherwise denies the allegations of paragraph 61.

62.    Defendant admits that on or about July 1, 2004 Mayor Sullivan met with Plaintiff and indicated to her to be patient, told her that he was investigating her complaint and that there

was nothing in McGravey's file pertaining to her allegations, and that he was having computers examined, and otherwise denies the allegations of paragraph 62.

63.    Defendant admits that on or about June 9, 2004, Mayor Sullivan called Padellaro and requested that she provide a copy of the letter that she had read to him to support the City's investigation of McGravey, that in or about June 2004 it conducted an investigation of City computers, and that Plaintiff's attorney sent a letter to Mayor Sullivan on July 9, 2004, and otherwise denies the allegations of paragraph 63.

64.    Defendant admits the allegations of paragraph 64.

65.    Defendant admits the allegations in the first sentence, and otherwise denies the allegations in paragraph 65.

66.    Defendant denies the allegations of paragraph 66.

67.    Defendant admits that Plaintiff returned to work on July 19, 2004, and otherwise denies the allegations of paragraph 67.

68.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences, and otherwise denies the allegations of paragraph 68.

69.    Defendant admits the allegations of paragraph 69, except that it was a subcommittee, not an "ad hoc" committee.

70.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 70.

71.    Defendant denies the allegations of paragraph 71.

72.    Defendant admits that Plaintiff told Blanchette that she would like to be appointed Acting City Clerk, and that when she later told Blanchette she wanted to be paid more money for

working in a higher classification, Blanchette told her that she could request the higher pay, and that she could file a grievance if it was denied. Defendant otherwise denies the allegations in paragraph 72.

73.    Defendant admits that on or about the day the City Clerk position was posted, Plaintiff spoke with Blanchette about the absence of the "or equal work experience," in lieu of a college degree, from the qualifications section of the posting, that Plaintiff told Blanchette that she felt boxed out of the job, and otherwise denies the allegations in paragraph 73.

74.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74.

75.    Defendant denies the allegations of paragraph 75, but admits that President Blanchette informed City Councilors that they should tour the City Clerk's Office to get a better understanding of the day-to-day tasks and conditions of the Clerk's office.

76.    Defendant denies the allegations in paragraph 76.

77.    Defendant denies the allegations in paragraph 77.

78.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78.

79.    Defendant admits that in late Summer 2004 a request was filed to revise the City Ordinance concerning the appointment of the Assistant City Clerk, to make the City Council the hiring authority for the position, instead of the Mayor, and otherwise denies the allegations in paragraph 79.

80.    Defendant admits that a letter Blanchette wrote on September 3, 2004 was distributed to the Elections Office, Rita Brousseau, Gina Rizzo, Diane Cockroft, Plaintiff, the

Board of Registrars, Carole Morin, Maria Morcelo and Carolyn Traficante, and states that the letter speaks for itself, and otherwise denies the allegations in paragraph 80.

81.    Defendant denies the allegations in paragraph 81.

82.    Defendant admits the allegations in the first sentence, and otherwise denies the allegations in paragraph 82.

83.    Defendant denies the allegations in paragraph 83.

84.    Defendant admits the allegations in the first sentence, and otherwise denies the allegations in paragraph 84.

85.    Defendant admits the allegations in the first sentence, and states that the article speaks for itself.

86.    Defendant admits that in or about early December 2004 Lefebre was a member of the Lawrence Retirement Board who received a stipend for his services, that Lefebre visited the City Clerk's office at that time, and otherwise denies the allegations of paragraph 86.

87.    Defendant denies the allegations in paragraph 87.

88.    Defendant denies the allegations in paragraph 88.

89.    Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 89.

90.    Defendant denies the allegations in paragraph 90.

91.    Defendant denies the allegations in paragraph 91.

92.    Defendant denies the allegations in paragraph 92.

93.    Defendant denies the allegations in paragraph 93.

94.    Defendant denies the allegations in paragraph 94.

95.    Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 95.

96.    Defendant states that the allegations of paragraph 96 are legal in nature and therefore no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 96.

97.    Defendant denies the allegations in paragraph 97.

98.    Defendant denies the allegations in paragraph 98.

99.    Defendant denies the allegations in paragraph 99.

100.    Defendant denies the allegations in paragraph 100.

101.    Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 101.

102.    Defendant states that the allegations of paragraph 102 are legal in nature and therefore no response is required.

103.    Defendant states that the allegations of paragraph 103 are legal in nature and therefore no response is required.

104.    Defendant admits that Plaintiff's complaint was filed on August 30, 2005, and otherwise denies the allegations in paragraph 104.

105.    Defendant denies the allegations of paragraph 105.

106.    Defendant denies the allegations of paragraph 106.

107.    Defendant denies the allegations of paragraph 107.

108.    Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 108.

109.     Defendant states that the allegations of paragraph 109 are legal in nature and therefore no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 109.

110.     Defendant denies the allegations of paragraph 110.

111.     Defendant denies the allegations of paragraph 111.

112.     Defendant denies the allegations of paragraph 112.

113.     Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 113.

114.     Defendant states that the allegations of paragraph 114 are legal in nature and therefore no response is required.

115.     Defendant denies the allegations of paragraph 115.

116.     Defendant denies the allegations of paragraph 116.

117.     Defendant denies the allegations of paragraph 117.

118.     Defendant denies the allegations of paragraph 118.

119.     Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 119.

120.     Defendant admits that McGravey was Plaintiff's direct supervisor, and otherwise denies the allegations of paragraph 120.

121.     Defendant denies the allegations of paragraph 121.

122.     Defendant denies the allegations of paragraph 122.

123.     Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 123.

124.    Defendant admits that Plaintiff's job, when she was filling in for the City Clerk, included keeping the City Council apprised of proper procedures, and otherwise denies the allegations contained in paragraph 124.

125.    Defendant denies the allegations of paragraph 125.

126.    Defendant denies the allegations of paragraph 126.

127.    Defendant denies the allegations of paragraph 127.

128.    Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 128.

129.    Defendant denies the allegations of paragraph 129.

130.    Defendant denies the allegations of paragraph 130.

131.    Defendant denies the allegations of paragraph 131.

132.    Defendant denies the allegations of paragraph 132.

133.    Defendant denies the allegations of paragraph 133.

134.    Defendant denies the allegations of paragraph 134.

135.    Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 135.

136.    Defendant denies the allegations of paragraph 136.

137.    Defendant denies the allegations of paragraph 137.

138.    Defendant denies the allegations of paragraph 138.

139.    Defendant denies the allegations of paragraph 139.

140.    Defendant denies the allegations of paragraph 140.

141.    Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 141.

142.    Defendant states that the allegations of paragraph 142 are legal in nature and therefore no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 142.

143.    Defendant admits that the Mayor placed Plaintiff on administrative leave, and otherwise denies the allegations of paragraph 143.

144.    Defendant admits that as a result of Plaintiff's complaint, computers in the Clerk's Office, Elections Office and City Council Office were examined, and otherwise denies the allegations of paragraph 144.

145.    Defendant denies the allegations of paragraph 145.

146.    Defendant denies the allegations of paragraph 146.

147.    Defendant denies the allegations of paragraph 147.

148.    Defendant denies the allegations of paragraph 148.

149.    Defendant denies the allegations of paragraph 149.

150.    Defendant denies the allegations of paragraph 150.

151.    Defendant incorporates herein its responses to the other paragraphs of the Complaint, in answer to the allegations in paragraph 151.

152.    Defendant denies the allegations of paragraph 152.

153.    Defendant denies the allegations of paragraph 153.

154.    Defendant denies the allegations of paragraph 154.

155.    Defendant denies the allegations of paragraph 155.

156.    Defendant admits that the Mayor is the appointing authority for the Assistant City Clerk, and otherwise denies the allegations of paragraph 156.

157.    Defendant denies the allegations of paragraph 157.

158.    Defendant denies the allegations of paragraph 158.

159.    Defendant denies the allegations of paragraph 159.

160.    Defendant denies the allegations of paragraph 160.

161.    Defendant denies the allegations of paragraph 161.

162.    Defendant denies the allegations of paragraph 162.

163.    Defendant denies the allegations of paragraph 163.

164.    Defendant denies the allegations of paragraph 164.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

## FOURTH DEFENSE

Plaintiff's claims are barred by doctrine of accord and satisfaction.

## FIFTH DEFENSE

Defendant's actions, if any, were taken in good faith and for legitimate business reasons.

## SIXTH DEFENSE

Plaintiff has waived and/or released her claims against defendant.

## SEVENTH DEFENSE

Defendant's actions, if any, were not the proximate cause of any injury suffered by

plaintiff.

## EIGHTH DEFENSE

Plaintiff is estopped by her own actions from asserting her claims.

### NINTH DEFENSE

If plaintiff was discharged, her discharge was for cause.

### TENTH DEFENSE

Plaintiff has failed to fulfill her obligation to mitigate damages, and consequently is

barred from any recovery hereunder.

### ELEVENTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTEENTH DEFENSE

The anti-discrimination law provides the exclusive remedy for plaintiff's allegations of

workplace discrimination, preempting her other statutory and tort claims.

### FIFTEENTH DEFENSE

Plaintiff's claims for personal injury are barred by the exclusivity provision of the

workers compensation law.


WHEREFORE, the defendant City of Lawrence respectfully requests that the Court

dismiss Padellaro's Complaint, grant judgment to it on all counts of the Complaint, award it

attorneys' fees and costs incurred in defending this action, and grant such other relief as the

Court deems just and proper.

**CITY OF LAWRENCE**

By its attorneys,


s/ Scott C. Merrill
James W. Bucking, BBO # 558800
Scott C. Merrill, BBO # 631008
Foley Hoag LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Date:  June 30, 2006

CERTIFICATE OF SERVICE

    I, Scott C. Merrill, hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 30, 2006.


s/ Scott Merrill

B3220093.1

- 16 -