UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11788-MLW

```
_____
                                   )
JENNIFER E. PADELLARO,             )
      Plaintiff,                   )
                                   )
v.                                 )
                                   )
JAMES A. MCGRAVEY, and             )
CITY OF LAWRENCE,                  )
      Defendants.                  )
_____)
```

## DEFENDANT JAMES A. McGRAVEY'S ANSWER TO AMENDED COMPLAINT AND JURY CLAIM

Defendant James A. McGravey ("McGravey") responds to the Amended Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

In violation of the requirement of "a short and plain statement of the claim", the Amended Complaint in this case contains in excess of thirty pages of false, vague, salacious, and irrelevant allegations. Despite its length, the Amended Complaint shows no entitlement to any relief. McGravey denies having sexually harassed the plaintiff and/or having created a hostile work environment and/or having intentionally or otherwise inflicted emotional distress on her.

### SECOND AFFIRMATIVE DEFENSE

Each Count of the Amended Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery by virtue of her own negligence and/or wrongful conduct.

## FIFTH AFFIRMATIVE DEFENSE

Any recovery by the plaintiff must be reduced by the extent of her own negligence and/or wrongful conduct.

## SIXTH AFFIRMATIVE DEFENSE

McGravey cannot be liable for the conduct of others as alleged in the Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by her having failed to exhaust remedies available to her as a member of a labor organization.

## EIGHTH AFFIRMATIVE DEFENSE

Process and service of process are insufficient.

## NINTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred since the alleged conduct was not objectively or subjectively severe or pervasive so as to state an actionable claim.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate her alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by operation of Massachusetts worker's compensation law.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are pre-empted by the provisions of other applicable law.

THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by her having failed to exhaust administrative remedies.

FOURTEENTH AFFIRMATIVE DEFENSE

McGravey expressly incorporates any affirmative defense asserted by the co-defendant City of Lawrence herein.

FIFTEENTH AFFIRMATIVE DEFENSE

By way of further defense, McGravey responds to the individually-numbered paragraphs of the Amended Complaint as follows:

The first unnumbered paragraph of the Amended Complaint entitled "Nature of the Action" purports to describe this action. And further answering, McGravey denies each and all of the allegations contained in this paragraph.

The second paragraph of the plaintiff's Amended Complaint is unnumbered and contains jurisdictional allegations to which McGravey is not obligated to respond. To the extent it contains any factual allegations to which a response is required, McGravey denies same.

1-3. McGravey admits that he resides in Lawrence and was for a time its City Clerk. McGravey admits that the City of Lawrence ("City") is a duly-constituted municipality with a place of business on Common Street in Lawrence. McGravey also admits, on information and belief, that the plaintiff resides and resided in Merrimac, Massachusetts. McGravey denies each and all of the remaining allegations of paragraphs 1-3.

4-15. McGravey admits that he was employed in the City Clerk's Office and became City Clerk, that the plaintiff also worked in the office and became Assistant City Clerk, that he and the plaintiff had a good working relationship, and that the plaintiff bore a child. McGravey also admits that in 1996 he would occasionally have lunch with the plaintiff and others, and admits that his wife was for a time City Attorney. McGravey admits that in or about December of 1995 he refused to permit the plaintiff to "borrow" sick time from her husband. McGravey denies each and all of the remaining allegations of paragraphs

4-15, including the allegation that the "borrowing" of sick time from co-workers was either a "practice" or "commonplace."

16-32.  McGravey admits that in 1998 and 1999 he occasionally logged on to inappropriate Websites from various locations at work and admits that the plaintiff may have seen some of same.  McGravey also admits that he and other City employees logged on to a Website called "Flash Mountain" which contained images of semi-naked women on a Disney ride.  McGravey admits that the plaintiff became pregnant.  McGravey also admits that he declined to permit the plaintiff to borrow sick time from her husband and so indicated in writing at the plaintiff's request.  McGravey admits that he loaned sick time to another City employee after having received the City administration's approval in view of the employee's circumstances.  McGravey is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the plaintiff's alleged discussion with Attorney O'Sullivan.  And further answering, McGravey admits that Patricia Dowling was at one time the Mayor and McGravey's wife was at one time the City Attorney.  McGravey denies each and all of the remaining allegations of paragraphs 16-32.

33-34.  McGravey admits that in or about March of 2000, the City issued a memorandum.  And further answering, said memorandum speaks for itself.  McGravey is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 34.  McGravey denies each and all of the remaining allegations of paragraphs 33-34.

35-36.  McGravey admits that after March of 2000 he may have logged onto inappropriate Websites from various locations at work.  McGravey denies each and all of the remaining allegations of paragraphs 35-36.

37-38.  McGravey admits that Lawrence P. Lefebre served as the City's Mayor and as its Personnel Director.  McGravey also admits that he was for a time an aide of Lefebre's.  McGravey denies each and all of the remaining allegations of paragraphs 37-38.

39.  McGravey is without knowledge or information sufficient to form a belief as to the truth of the existence of the plaintiff's alleged headaches or sleeplessness or state of mind.  McGravey denies intimidating the plaintiff or acting in

any way deliberately to cause her alleged headaches or sleeplessness or fearfulness.

40. McGravey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint.

41-44. McGravey admits that the plaintiff engaged counsel and admits that counsel exchanged correspondence with the City. And further answering, any documents constituting these communications speak for themselves. And further answering, McGravey admits that he wrote a letter of apology to the plaintiff and admits receiving assistance from a City employee assistance program. McGravey is without knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. LeFebre contacted the Mayor's Office or the City Attorney's Office to discuss McGravey's alleged conduct. McGravey denies each all of the remaining allegations of paragraphs 41-44.

45-46. McGravey denies each and all of the allegations of paragraphs 45-46.

47-50. McGravey admits that an attorney for the plaintiff and representatives of the City exchanged correspondence. And further answering, any documents evidencing such communications speak for themselves. McGravey denies each and all of the remaining allegations of paragraphs 47-50.

51-56. McGravey is without knowledge or information sufficient to form a belief as to the allegations regarding alleged conversations to which he was not a party or a witness. McGravey denies each and all of the remaining allegations of paragraphs 51-56.

57. McGravey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint.

58. McGravey denies each and all of the allegations of paragraph 58.

59. McGravey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint.

60-61. McGravey admits that the plaintiff engaged counsel who communicated with the City. McGravey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 60-61.

62. McGravey is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint.

63. McGravey admits that the plaintiff, through counsel, communicated with the City. And further answering, any documents evidencing these communications speak for themselves. McGravey denies each and all of the remaining allegations of paragraph 63.

64. McGravey admits that on or about July 13, 2004 he resigned as City Clerk. McGravey denies each and all of the remaining allegations of paragraphs 64.

65-88. McGravey admits that Attorney William Maloney was appointed Lawrence City Clerk, admits that a local newspaper published at least one article quoting the plaintiff's then-attorney, and further answering, that document speaks for itself. McGravey further admits that the plaintiff informed him that she did not have a college degree. And further answering, McGravey denies sexually harassing the plaintiff or otherwise acting inappropriately towards her. And further answering, McGravey is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraphs 65-88.

**Count I (Styled "Intentional Infliction of Emotional Distress" v. McGravey)**

89. In response to the allegations of paragraph 89, McGravey re-alleges and incorporates by references his responses to paragraphs 1-88.

90-94. McGravey denies each and all of the allegations of paragraphs 90-94.

**Count II (Styled "Negligent Infliction of Emotional Distress" v. McGravey)**

95. In response to the allegations of paragraph 95, McGravey re-alleges and incorporates by references his responses to paragraphs 1-94.

96.  McGravey admits that for a time he was the plaintiff's immediate supervisor.  And further answering, McGravey is without knowledge or information sufficient to form a belief as to the legal duties he owed her, if any.

97-100.  McGravey denies each and all of the allegations of paragraphs 97-100.

### Count III (Styled "Massachusetts Tort Claims Act - M.G.L. c. 258, §§ 1 et seq." v. City)

101.  In response to the allegations of paragraph 101, McGravey re-alleges and incorporates by references his responses to paragraphs 1-100.

102-107.  These paragraphs make no allegations of fact or law against McGravey; therefore, no response is required.  To the extent any such claims are made, McGravey denies them.

### Count IV (Styled "Negligence" v. City)

108.  In response to the allegations of paragraph 108, McGravey re-alleges and incorporates by references his responses to paragraphs 1-107.

109-112.  These paragraphs make no allegations of fact or law against McGravey; therefore, no response is required.  To the extent that any such claims are made, McGravey denies them.

### Count V  (Styled "Violation of Title VII, 42 USC §2000e et seq." v. McGravey)

113.  In response to the allegations of paragraph 113, McGravey re-alleges and incorporates by reference his responses to paragraphs 1-112.

114.  McGravey admits that the plaintiff is a female.  And further answering, McGravey is without knowledge or information sufficient to form a belief as to the truth of whether the plaintiff belongs to a protected class.

115-118.  McGravey denies each and all of the allegations of paragraphs 115-118.

**Count VI** (Styled "Violation of Title VII, 42 USC §2000e et seq." v. City)

119.  In response to allegations of paragraph 119, McGravey re-alleges and incorporates by reference his responses to paragraphs 1-118.

120-122.  McGravey admits that prior to his resignation, he was the plaintiff's supervisor.  And further answering, the remainder of these paragraphs make no allegations of fact or law against McGravey; therefore, no response is required.  To the extent that any such claims are made, McGravey denies them.

**Count VII** (Styled "Violation of M.G.L. c. 149, §185 - 'Whistleblower'" v. City)

123.  In response to the allegations of paragraph 123, McGravey re-alleges and incorporates by reference his responses to paragraphs 1-122.

124-127.  These paragraphs make no allegations of fact or law against McGravey; therefore, no response is required.  To the extent that any such claims are made, McGravey denies them.

**Count VIII** (Styled "Violation of M.G.L. c. 151B - Sexual Harassment" v. McGravey)

128.  In response to the allegations of paragraph 128, McGravey re-alleges and incorporates by reference his responses to paragraphs 1-127.

129-134.  McGravey denies each and all of the allegations of paragraphs 129-134.

**Count IX** (Styled "Violation of M.G.L. c. 151B - Sexual Harassment" v. City)

135.  In response to allegations of paragraph 135, McGravey re-alleges and incorporates by reference his responses to paragraphs 1-134.

136-140.  McGravey admits that he was an employee of the City of Lawrence but denies he was a "sexually harassing supervisor."  And further answering, the remainder of these paragraphs make no allegations of fact or law against McGravey; therefore, no response is required.  To the extent that any such claims are made, McGravey denies them.

**Count X**   (Styled "Violation of M.G.L. c. 151B - Retaliation" v. McGravey)

141.   In response to the allegations of paragraph 141, McGravey re-alleges and incorporates by reference his responses to paragraphs 1-140.

142-150.   McGravey admits that the plaintiff claims to have made complaints about him in or about June, 2004 and admits that after his resignation he responded to requests for guidance as to issues associated with the operation of the City Clerk's Office.  McGravey is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported "investigation" by the City or the examination of its computers.  McGravey denies each and all of the remaining allegations of paragraphs 142-150.

145.   McGravey denies each and all of the allegations of paragraph 145.

146.   McGravey admits that after his resignation he responded to requests for guidance as to issues associated with the operation of the City Clerk's Office.  McGravey denies each and all of the remaining allegations of paragraph 146.

147-150.   McGravey denies each and all of the allegations of paragraphs 147-150.

**Count XI**   (Styled "Violation of M.G.L. c. 151B - Retaliation" v. City)

151.   In response to the allegations of paragraph 151, McGravey re-alleges and incorporates by reference his responses to paragraphs 1-150.

152-164.   McGravey admits that after his resignation he responded to requests for guidance as to issues associated with the operation of the City Clerk's Office.  McGravey is without knowledge or information sufficient to form a belief as to the truth of the allegations as to plaintiff's "work environment" after his resignation.  The remainder of **these** paragraphs make no allegations of fact or law against McGravey; therefore, no response is required.  To the extent that any such claims are made, McGravey denies them.

WHEREFORE, McGravey prays that the Amended Complaint be dismissed and that he be awarded his costs of defense, including attorney's fees.

JAMES A. MCGRAVEY

By his attorneys,

*/s/ Michael Bernardo*
Thomas E. Peisch (BBO# 393260)
Michael R. Bernardo (BBO# 648310)
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

Date: June 30, 2006

**MCGRAVEY DEMANDS TRIAL BY JURY.**

10

## CERTIFICATE OF SERVICE

I, Michael R. Bernardo, hereby certify that on this date I served a copy of the foregoing Answer to Amended Complaint and Jury Claim on all parties by electronic filing to:

Kevin G. Powers, Esq.
Rodgers, Powers & Schwartz, LLP
18 Tremont Street
Boston, MA  02108

James W. Bucking, Esq.
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA  02210-2600

_____
Michael R. Bernardo, Esq.

DATED:  June 30, 2006
257284.1