UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-11788-MLW

| | |
|---|---|
| JENNIFER PADELLARO,<br>Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>)<br>) |
| JAMES MCGRAVEY and<br>CITY OF LAWRENCE,<br>Defendants | )<br>)<br>)<br>) |

## PLAINTIFF AND RICHARD SULLIVAN'S EMERGENCY MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

Now comes the Plaintiff Jennifer Padellaro and Attorney Richard Sullivan and request that this Court quash the subpoena served on the Plaintiff's previous Attorney, Richard Sullivan Esq., and issue a protective order that Attorney Sullivan need not produce any work product or any documents evidencing or describing any attorney-client communications or give any testimony regarding any communication he had with Jennifer Padellaro.

As grounds for the Plaintiff's motion, it is stated:

    1. Richard Sullivan represented the Plaintiff in a claim of sexual harassment against the Defendants.

1

2. Richard Sullivan no longer represents the Plaintiff.

3. The attorneys for Defendant James McGravey (the accused sexual harasser) has served a subpoena on Attorney Sullivan.

4. The deposition subpoena has an Exhibit A that demands that Attorney Sullivan provide to the defendants:

> **Any and all documents and records concerning and/or related to Jennifer Padellaro including, without limitation, all notes, bills, invoices, correspondence, diaries, appointment logs, phone logs, phone records, calendars and memoranda, whether in electronic or hard copy form.**

5. The deposition is presently scheduled for September 28, 2006.

6. The depositional subpoena clearly demands that Attorney Sullivan produce documents protected by the attorney-client privilege as well as attorney work product.

7. The Defendant has not articulated why he needs all the documents requested or established that he cannot obtain needed information from other sources.

8. The Defendants' deposition and subpoena are being used for the purpose of intimidating the Plaintiff and causing her to expend unnecessary funds to oppose the subpoena.

9. The Plaintiff seeks attorney's fees for the time and expense for opposing the Defendants' subpoena.

<table>
<tr><td>

*[signature]*
Richard K. Sullivan, BBO # 487680
300 East Main Street
Milford, MA 01757
(508) 482-9777

</td><td>

Respectfully submitted,

Jennifer Padellaro
By her Attorneys,

*[signature]*
Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

</td></tr>
</table>

MotQuash.MotProtectiveOrder.doc

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF _____ MASSACHUSETTS

JENNIFER PADELLARO,
    Plaintiff,

v.

JAMES MCGRAVEY and
CITY OF LAWRENCE,
        Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 05-CV-11788-MLW

RECEIVED SEP 8 2006

TO:   Richard Sullivan, 300 East Main Street, Milford, MA 01757

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Foley Hoag, LLP<br>World Trade Center West<br>155 Seaport Blvd.<br>Boston, MA 02110 | Thursday, September 28, 2006 at 10:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Foley Hoag, LLP<br>World Trade Center West<br>155 Seaport Blvd.<br>Boston, MA 02110 | Thursday, September 28, 2006 at 10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ , Attorney for the Defendant | August 31, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott C. Merrill
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210-2600  (617)832-1000

See Rule 45, Federal Rules of Civil Procedure (Parts C & D on Reverse)

AO 88 (1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the following information contained in the Proof of Service is true and correct.

Executed on

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

Any and all documents and records concerning and/or related to Jennifer Padellaro including, without limitation, all notes, bills, invoices, correspondence, diaries, appointment logs, phone logs, phone records, calendars and memoranda, whether in electronic or hard copy form.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

...........................................
JENNIFER PADELLARO,

                Plaintiff          CIVIL ACTION NO. 05-CV-11788-MLW

v.

JAMES MCGRAVEY and
CITY OF LAWRENCE,

                Defendants
...........................................

## NOTICE OF DEPOSITION OF RICHARD SULLIVAN

To:    Kevin G. Powers, Esq.
        Rodgers, Powers & Schwartz LLP
        18 Tremont Street
        Boston, MA 02108

PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, defendant City of Lawrence, by its attorneys, will take the deposition upon oral examination of non-party Richard Sullivan on Thursday, September 28, 2006 at 10:00 a.m. at the offices of Foley Hoag LLP, World Trade Center West, Boston, Massachusetts 02110, before a person qualified to administer oaths. The oral examination will continue from day to day until completed.

The deponent will be required to bring all documents referred to on the attached Schedule A.

B3247632.1

You are invited to attend and cross-examine.

CITY OF LAWRENCE,

By its attorneys:

*[signature]*

James W. Bucking, BBO #558800
Scott C. Merrill, BBO #631008
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: August 31, 2006

## EXHIBIT A

Any and all documents and records concerning and/or related to Jennifer Padellaro including, without limitation, all notes, bills, invoices, correspondence, diaries, appointment logs, phone logs, phone records, calendars and memoranda, whether in electronic or hard copy form.