UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-CV-11788-MLW

|  |  |
|---|---|
| JENNIFER PADELLARO, <br>                            Plaintiff, <br> v. <br> JAMES A. MCGRAVEY and <br> CITY OF LAWRENCE, <br>                            Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THE PLAINTIFF AND ATTORNEY RICHARD SULLIVAN'S
MEMORANDUM IN SUPPORT OF AN EMERGENCY MOTION
TO QUASH THE DEFENDANT'S SUBPOENA SERVED ON
PLAINTIFF'S PREVIOUS ATTORNEY RICHARD SULLIVAN,
AND MOTION FOR A PROTECTIVE ORDER**

**I. INTRODUCTION**

Attorney Richard Sullivan represented the Plaintiff in her claim of sexual harassment against the present Defendants. During his representation, Attorney Sullivan wrote to the City of Lawrence clearly informing the City that he represented the Plaintiff in this case. Attorney Sullivan no longer represents the Plaintiff.

On or about August 31, 2006 the Defendant James McGravey's attorneys served on Attorney Sullivan a depositional subpoena with an attachment "A" requesting that Attorney Sullivan produce, among other documents; **"any and all documents and records concerning and related**

**to Jennifer Padellaro..."** The Plaintiff and Attorney Sullivan both oppose this outrageously broad subpoena. The objection is based on both attorney-client privilege and the work product doctrine.

## II. THE LAW

### A. ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS

> Where a person, as a client or prospective client, consults a member of the bar in his or her capacity as such, the communication in confidence of matters that are (or that the client reasonably supposes to be) necessary to the proper conduct of legal business is privileged at the option of the client. See *In the Matter of a John Doe Grand Jury Investigation*, 408 Mass 480, 482, 562 NE2d 69 (1990); *Panell v. Rosa*, 228 Mass (12 Pick) 89 (1831). The purpose of the privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client." *Upjohn Co. v. United States*, 449 US 383, 389 (1981).
>
> The Supreme Judicial Court has assigned "extraordinarily high value" on "the right of every citizen to obtain the thoughtful advice of a fully informed attorney concerning legal matters." *In the Matter of a John Doe Grand Jury Investigation*, supra, 408 Mass at 485, 562 NE2d.
>
> The privilege is reinforced by an attorney's ethical duty to preserve the confidences and secrets of the client. See SJC Rule 3:07, Rules of Prof. Conduct, Rule 1.6 (formerly DR 4-101, Canons of Ethics and Disciplinary Rules Regulation the Practice of Law, SJC Rule 3:07, 382 Mass 768, 778-779 (1981)).

2

> The privilege of course applies even after the relation of attorney and client has ceased. *Hatton v. Robinson*, 31 Mass (14 Pick) 416, 421-422 (1833) ("the mouth of the attorney shall be for ever sealed."); *Foster v. Hall,* supra 29 Mass at 93 (communications subject to privilege "cannot be disclosed at any future time").

PAUL J. LIACOS ET AL., HANDBOOK OF MASSACHUSETTS EVIDENCE. 777-780. (Michael Avery & Mark S. Brodin eds., 7th ed. 1999). (footnote omitted)

The attorney-client privilege protects communications between a client and her attorney from disclosure, and "applies only when the client's communication was for the purpose of facilitating the rendition of legal services." *Purcell v. District Att. for the Suffolk District*, 424 Mass. 109, 115 (1997). The privilege is:

> founded upon the necessity, in the administration of justice, of aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure. *Id.* at 116.

The attorney-client privilege cannot be overcome by a showing of need. *Guevara v. Medical Professional Mut. Ins. Co.,* 2003 Mass. Super. LEXIS at *18-19. The burden of showing that an attorney-client privilege applies lies with the party asserting the privilege, who must show:

(1) the existence of an attorney-client relationship;

3

(2) the communications were received from a client in the course of the client's search for legal advice from the attorney in his or her capacity as such;

(3) the communications were made in confidence; and

(4) the privilege as to these communications has not been waived.

Communications that are intended to be conveyed to third parties do not fall within the privilege. *Refuse and Envtl. Sys., Inc. v. Industrial Servs. Of Am.*, 120 F.R.D. 8, 11 (D. Mass. 1988).

## B. WORK PRODUCT DOCTRINE

The work product privilege protects "written statements and mental impressions contained in the mind of the attorney." *Hickman v. Taylor*, 329 U.S. 495, 519 (1947). It is intended "to enhance the vitality of an adversary system of litigation by insulating counsel's work from intrusions, interferences, or borrowings by other parties as he prepares for the contest." *Ward v. Peabody*, 380 Mass. 805, 817 (1980), citing *Hickman v. Taylor*.

The Court in *Hickman* stated:

> The general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to the orderly working of our system of legal procedure that the burden rests on one who would invade that privacy to establish adequate reasons to justify production. *Id.* at 512.

In *Guevara v. Medical Professional Mut. Ins. Co.,* 2003 Mass.

Super. LEXIS 268, *11 (2003), the court stated that "[t]he burden is upon the party resisting discovery...to demonstrate that the materials sought are in fact work product within the scope of Mass. R. Civ. P. 26(b)(3)," but went on to cite Rule 26(b)(c) to the effect that:

> The party seeking discovery must show (a) that he has substantial need of the materials to prepare his case and (b) he would sustain severe hardship were he forced to find the equivalent materials by other (discovery) means. *Id.* at *11 n. 5.

Even when the party seeking discovery meets the substantial need test, the court "shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney...concerning litigation." Mass. R. Civ. P. 26(b) (3).

The lawyer holds the work product privilege. *McMillan v. Westport Ins. Corp.,* 2004 Mass. Super. LEXIS 657, *7 (2004).

**It is not necessary that litigation be pending at the time the document was created – the doctrine only requires that litigation be reasonably anticipated in the near future. *Dedham-Westwood Water Dist. V. National Union Fire Ins. Co. of Pittsburgh*, 2000 Mass. Super LEXIS 29, *8 (2000).

## III. ARGUMENT

It cannot be denied that the document request contained in "Exhibit A" is ridiculously broad in that it encompasses each and every

5

communication between the Plaintiff and her former attorney. As an example, the requests would encompass even a letter from Attorney Sullivan to the Plaintiff in which Attorney Sullivan communicated his opinion as to the strengths and weaknesses of the case and sets forth a strategy and an economic goal for settling the case.

In the case of *Darius v. City of Boston,* 433 Mass. 274 (2001), referred to, in *Federal Deposit Ins. Corp. v. R.W. Beck, Inc.,* 2004 U.S. Dist. LEXIS 12128, *7 (2004) the Defendant city issued a similarly broad subpoena to the Plaintiff's former attorney. In the *Darius* case, the Defendant argued that because there was a timeliness issue implicit in the allegations of the complaint that the Plaintiff had waived the attorney-client privilege. The *Darius* court rejected the Defendant's argument stating:

> We need not attempt, in this case, to formulate an exact definition of the 'at issue' waiver doctrine under Massachusetts law, because we are satisfied that the discovery sought by the city falls well beyond whatever definition we might adopt. We reach this conclusion for at least three reasons, which we explain below: (a) Marie Conserve's meeting with counsel occurred less than two years before the date of the letter pursuant to G. L. c. 258, § 4, that the city claims was untimely; (b) the city's deposition subpoena called for the wholesale disclosure of documents in counsel's possession concerning the meeting with Conserve; and (c) it has not been established on this record that the requested documents are necessary to the city's position.

> We also conclude, conversely, that what the Plaintiffs communicated to their counsel in the spring of 1996 (or perhaps what counsel discovered) about their knowledge or reason to know of a causal connection is privileged, and that

6

>the privilege has not been waived. The only reason we can see for the city's attempting to obtain that information from present counsel is to test the credibility of the Plaintiffs -- in other words, to see whether the Plaintiffs confided in their counsel anything that contradicted their assertion that they did not know of a causal connection before being informed of it by counsel. We shall not allow the city to pit counsel against their clients in that fashion. To permit that kind of inquiry would pry open the attorney-client [**57] relationship and strike at the very core of the privilege. In virtually every case in which the statute of limitations (or lack of timely presentment, as here) is pleaded as a defense and the client relies on the discovery rule to overcome the limitation period, the opposing party would be able to inquire of the client's counsel: "Did your client tell you anything in confidence [*281] about what he or she knew that differs from or contradicts [***15] what he or she stated in responses to discovery?" *Id.* at 279-280.

Like the deposition subpoena in *Darius*, the Defendants' subpoena in this case is extraordinarily broad – even broader than the one in *Darius*, and they have not shown any need for the documents or established that the information they seek cannot be obtained from any other means of discovery (e.g., they have not even deposed Padellaro prior to trying to invade her attorney's documents pertaining to his communications with Padellaro).

Similar to the attorney-client argument above, the Defendants have not, and we assert, cannot, articulate any valid reason for this Court to find that the Plaintiff or her former counsel have waived the Work Product Doctrine.

7

## IV. CONCLUSION

For all of the above reasons the Plaintiff and her former counsel, who joins in on this memorandum, request that the court;

1) Quash the subpoena issued by the Defendant.

2) Enter an order that the deposition of Attorney Sullivan may not proceed.

3) Award attorney fees to the Plaintiff for her attorney's work preparing this motion and memorandum.

Respectfully submitted,

Jennifer Padellaro
By her Attorneys,

_/s/ Richard Sullivan (KG)_
Richard K. Sullivan, BBO # 487680
300 East Main Street
Milford, MA 01757
(508) 482-9777

_/s/ Kevin Powers_
Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

Padallarro/memo.support.quash.atty.client