# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**Civil Action No. 05-CV-11788-MLW**

|  |  |
|---|---|
| **JENNIFER PADELLARO,**<br>**Plaintiff** | ) <br> ) <br> ) <br> ) |
| **v.** | ) <br> ) |
| **JAMES MCGRAVEY and**<br>**CITY OF LAWRENCE,**<br>**Defendants** | ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S OPPOSTITION TO THE CITY'S MOTION FOR SANCTIONS AGAINST ATTORNEY RICHARD SULLIVAN

First, it must be understood by the Court that the Plaintiff's present counsel does not and did not represent Attorney Sullivan in any proceeding, including his deposition. Attorney Sullivan represented Ms. Padellaro from on or about April 2000, to in or about July 2004; he was deposed on September 28, 2006.

Attorney Sullivan is a sole practitioner practicing in Holliston, Massachusetts. He testified that he consulted with Bar Counsel before his deposition (Defs' Exh. 12 P.46 L.2). While Attorney Sullivan's assertion of the attorney-client privilege may have been overbroad, he has no interest in this case and appears to have simply tried to respond in a manner he felt was appropriate.

While it may be necessary to re-depose Attorney Sullivan, sanctions are not appropriate and would have a chilling effect on attorneys representing plaintiffs in

this type of case.  Present Plaintiff's counsel is concerned that Defendants could

have obtained most, if not all of the relevant information from the Plaintiff.

Defendants have not yet deposed the Plaintiff but have scheduled her deposition.

Plaintiff is interested in resolving the issues in the most expeditious way,

and rather than discuss or debate the attorney-client issues, is proposing to waive

the attorney-client privilege to certain relevant inquiries, to the extent it existed.  A

letter detailing the specifics of the proposal has been sent to Defendants' counsel

and is attached (Attachment A).  The proposal should allow the Defendants to

inquire into whether communication took place during the time periods the

Defendants believe are critical.

Plaintiff also believes that the taking of her deposition, presently scheduled

for January 19, 2007 will likely resolve many of the issues raised in Attorney

Sullivan's deposition.

Jennifer Padellaro
By her Attorney,

Kevin G. Powers, BBO #405020
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

Opp. to City Mot. for Sanctions

# ATTACHMENT A

RODGERS, POWERS & SCHWARTZ LLP

18 Tremont Street | *A T T O R N E Y S   A T   L A W*
Boston, MA  02108
Tel. (617) 742-7010
Fax (617) 742-7225

Kevin G. Powers. P.C.
KGPowers@theemploymentlawyers.com

VIA E-MAIL &
REGULAR MAIL

January 10, 2007

James W. Bucking, Esq.
Foley Hoag LLP
155 Seaport Blvd.
Boston, MA 02210

RE: *Padellaro v. McGravey et al.*
    *C.A. No. 05-11788-MLW*

Dear Jim:

I am responding to you by letter as well as filing a reply to your motion for sanctions against Attorney Sullivan. As you know, while I attended the deposition, I did not represent Attorney Sullivan at the deposition.  I did propose to you that you send to me a list of questions you wanted answered and I could respond by deciding whether or not to waive any attorney-client privilege asserted by Attorney Sullivan.  You chose not to take me up on my proposal.  I will again try to resolve the dispute because I believe we can save ourselves and the Court a great deal of time and effort by resolving the issues informally.

I am willing to waive any attorney-client privilege, to the extent it exists, with regard to the following documents, questions, and responses:

A. DOCUMENTS

1) any fee agreement between Ms. Padellaro and Attorney Sullivan;

2) any letters or written communications sent by Attorney Sullivan on behalf of Ms. Padellaro to the City of Lawrence or any of its employees, representatives, or agents;

Harvey A. Schwartz, P.C.
Kevin G. Powers, P.C.
Elizabeth A. Rodgers
Jonathan J. Margolis
Robert S. Mantell
Linda Evans
Laurie A. Frankl
Sara Smolik

RODGERS, POWERS & SCHWARTZ LLP

Page 2

3) any letters or written communications received by Attorney Sullivan from any employee, agent, or representative of the City of Lawrence received in response to Attorney Sullivan's written communication with the City;

4) any bills sent to Ms. Padellaro by Attorney Sullivan (redacted to edit out any notation that reveal any communication between Ms. Padellaro and Attorney Sullivan about the facts or strategies of the case);

5) any telephone logs, telephone records, calendars, or appointment logs of Attorney Sullivan (redacted to edit out any notations that reveal any communication between Ms. Padellaro and Attorney Sullivan about the facts or strategies of the case).

B. VERBAL COMMUNICATION

1) the date and time of any communication or conversation between Ms. Padellaro and Attorney Sullivan (without revealing content or substance of the communication);

2) the date and time of any meeting with Ms. Padellaro (without revealing the content of any conversation that occurred at the meeting);

3) the substance of any conversation between Attorney Sullivan and any City of Lawrence employee, agent, or representative (excluding any conversations that may be protected as work-product);

4) whether Attorney Sullivan has ever represented Ms. Padellaro or her husband in any other matter.

The above list may not be exhaustive, but I am willing to try to resolve the dispute between you and Attorney Sullivan in the most efficient manner possible. Therefore, if there are additional questions you feel need to be answered, I will consider waiving the attorney-client privilege, to the extent that exists, to answer any further questions.

Sincerely,

Kevin G. Powers

CC: Michael R. Bernardo

KDP/cad
Bucking ltr.1.10.07