UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

JENNIFER PADELLARO,

                   Plaintiff,          .     CIVIL ACTION NO. 05-11788-MLW

                    v.

JAMES MCGRAVEY and
CITY OF LAWRENCE,

              Defendants.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**DEFENDANTS CITY OF LAWRENCE AND JAMES MCGRAVEY'S
EXPERT WITNESS DESIGNATION AND JOINT
MOTION FOR ADDITIONAL TIME TO SUPPLEMENT**

Pursuant to the Court's May 31, 2006 Scheduling Order and Fed. R. Civ. P. 26(a)(2), the

City of Lawrence ("City") and James McGravey ("McGravey") hereby designate the individual

below as an expert who may be called to testify at trial on their behalf.  At this time, the

Defendants are unable to provide all of the information required by Fed. R. Civ. P. 26(a)(2)(B)

because Plaintiff failed to comply with that Rule's disclosure requirements in its filing on

December 14, 2006.  Specifically, Plaintiff generally designated a list of individuals whom it

referred to as "experts" pursuant to Rule 26(a)(2).  None of the information set forth in Rule

26(a)(2)(B) was included in Plaintiff's designation.  Accordingly, Plaintiff's filing precluded

Defendants' ability to counter-designate and prepare information to include in its designation.

The City notified Plaintiff on December 20, 2006 that it was not in compliance with Rule

26(a)(2)(B) and requested that Plaintiff immediately confer concerning the matter, supplement its

designations and toll any counter-designation until compliance is met.  (Exhibit A)  Plaintiff

never responded.  Accordingly, on January 10, 2007, the City reaffirmed its request to confer and

threatened to file a Motion to Strike Plaintiff's ability to call an expert if no response was provided by January 12. (Exhibit B) Plaintiff failed to respond by the deadline. On January 13, Plaintiff finally responded, but has taken the position that it has no obligation to comply with Rule 26(a)(2)(B) because it had not retained any of the medical personnel listed in its designation as experts. (Exhibit C)[1] This was the *first time* Plaintiff explained its otherwise generalized "expert" designation filed on December 14, 2006. (Exhibit D)

Defendants have been strung along for a month by Plaintiff's failure to respond and supplement its designation or otherwise clarify its December 14, 2006 Court filing. As a result, Defendants have been unable to determine who they need as an expert, and unable prepare and disclose all of information required by Rule 26(a)(2)(B) by their designation filing deadline. Accordingly, Defendants request that the Court accept the preliminary information provided below and allow Defendants thirty days within which to supplement its filing and, possibly, designate additional experts.

At this time, the Defendants designate the following individual who may be called to testify at trial as an expert:

> Dr. Robert M. Weiner, M.D.
> 70 Carlton Street
> Brookline, MA 02446

Dr. Weiner's curriculum vitae is attached hereto as Exhibit E. Dr. Weiner charges $250 per hour for consulting services, with a rate of $2,500 per day for services that include testimony. Dr. Weiner has testified at trial or deposition in the following cases over the previous four years:

---

[1] Although Plaintiff's letter reflects a sent date of 1/11/07, it was not received until 1/13/07. Id. Moreover, the City has still not received a copy of Plaintiff's letter in the mail, which Plaintiff's email represents was sent on 1/11/07.

<u>2003</u>

Karen Karch v. Fleet Bank, Superior Court Rockingham County, New Hampshire

<u>2004</u>

Mary Coyne v. Boston Water and Sewer Department, Massachusetts Commission Against Discrimination

Saia v. Akashian and Winn & Winn, Suffolk Superior Court

<u>2005</u>

Grover v. Bank of America, Division of Industrial Accidents

<u>2006</u>

Flores v. Telcom USA, Division of Industrial Accidents

Carrion v. Bank of Boston, Boston Housing Court

<u>2007</u>

Small v. Baxter, Superior Court, Rockingham County, New Hampshire.


WHEREFORE, Defendants request that the Court allow its Motion for Additional Time to Supplement its Rule 26(a)(2) designations.


**CITY OF LAWRENCE**                                   **JAMES MCGRAVEY**

By its attorneys:                                       By his attorneys:


/s/ Scott C. Merrill                                    /s/ Michael Bernardo (per SCM)
James W. Bucking, BBO #558800                          Thomas E. Peisch (BBO# 393260)
Scott C. Merrill, BBO #631008                          Michael R. Bernardo (BBO# 648310)
Foley Hoag LLP                                          CONN KAVANAUGH ROSENTHAL
155 Seaport Boulevard                                       PEISCH & FORD, LLP
Boston, MA 02210                                        Ten Post Office Square
(617) 832-1000                                          Boston, MA 02109
                                                        (617) 482-8200


Dated: January 16, 2007

**Local Rule 7.1(A)(2) Certification**

I hereby certify that I attempted to reach Plaintiff's counsel on several occasions to seek his assent to this motion prior to filing, with no response.

/s/Scott C. Merrill

**Certificate of Service**

I, Scott C. Merrill, hereby certify that a true copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 16, 2007.

/s/ Scott Merrill

B3303669.1

# EXHIBIT A

# FOLEY
# HOAG LLP
### ATTORNEYS AT LAW

Scott Merrill
Boston Office
617.832.1174
smerrill@foleyhoag.com

December 20, 2006

**Via Fax (617) 742-7225 and Mail**

Kevin Powers, Esq.
Rogers, Powers & Schwartz, LLP
18 Tremont Street
Boston, MA 02108

      Re:    Padellaro v. James A. McGravey and City of Lawrence
             U.S. District Court Docket No.: 05-11788-MLW

Dear Kevin:

      We are in receipt of your expert designations that were filed with the Court on December 14th.  As you know, Fed. R. Civ. Pro. 26(a)(2) requires that each designation be accompanied by:

      -a written report prepared and signed by the witness that includes a complete statement of all opinions to be expressed and the basis and reasons for those opinions;

      -the data or other information considered by the witness in forming his/her opinions;

      -the qualifications of the witness, including a list of all publications authored by the witness in the preceding ten years;

      -the compensation to be paid to the witness for study and testimony; and,

      -a list of any other cases in which the witness has testified as an expert at trial or deposition within the last four years.

      We assume that you are aware of this rule, as your designations represent that you are providing "information regarding those experts and their opinions."  However, no such information is included in your designation as required by Rule 26(a)(2).  Accordingly, your designation is not in compliance with the rule and the Court's Scheduling Order.  Until your designations are in compliance, it will be impossible for us to counter-designate.

B3294905.1

Kevin Powers, Esq.
December 20, 2006
Page 2

      Pursuant to Rule 37(a)(2) and Local Rule 37.1, we request that you confer with us concerning this matter and that you promptly supplement your designations and toll our counter-designations until you comply.

                                      Very truly yours,

                                       Scott C. Merrill

cc:  Michael Bernardo (via fax)

# EXHIBIT B



# FOLEY
# HOAG LLP
### ATTORNEYS AT LAW

Scott Merrill
Boston Office
617.832.1174
smerrill@foleyhoag.com

January 10, 2007

**<u>Via Fax (617) 742-7225 and Mail</u>**

Kevin Powers, Esq.
Rogers, Powers & Schwartz, LLP
18 Tremont Street
Boston, MA 02108

> Re:   Padellaro v. James A. McGravey and City of Lawrence
>       <u>U.S. District Court Docket No.: 05-11788-MLW</u>

Dear Kevin:

On December 20, 2006 we sent you a letter requesting that you confer with us pursuant to Rule 37(a)(2) and Local Rule 7.1 concerning your failure to comply with the expert designation requirements in Fed. R. Civ. Pro. 26(a)(2), and that you promptly supplement your designations and toll our counter-designations until you comply. We have received no response from you since that time and no supplement to your expert designations has been filed with the Court.

Please be advised that if you do not respond and confer with us by Friday, January 12th, we will file a motion with the Court to preclude your ability to call any experts in this case.

Very truly yours,

Scott C. Merrill

cc:  Michael Bernardo (via fax)

B3301362.1

---

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP            BOSTON            WASHINGTON, DC            www.foleyhoag.com

# EXHIBIT C



Scott

Please see ltr mailed to you today in response to your ltr of 1/10/2007

Kevin G. Powers
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
617-742-7010

# RODGERS, POWERS & SCHWARTZ LLP

18 Tremont Street      *A T T O R N E Y S   A T   L A W*
Boston, MA  02108
Tel. (617) 742-7010
Fax (617) 742-7225

Kevin G. Powers. P.C.
KGPowers@theemploymentlawyers.com

January 11, 2007

Scott Merrill, Esq.
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02210-2600

      Re: Padellaro v. James A. McGravey and City of Lawrence
         C.A. No. 50-111788-MLW

Dear Scott:

      I am writing in response to your letter of January 10, 2007.  I believe you misstate our
Rule 26(a)(2) requirements.

      I specifically indicated to you that the experts I listed were all treating physicians, with
the exception of Dr. Miriam Rosenberg who was an independent medical examiner retained by
the Department of Industrial Accidents.  I have not retained any of the experts to provide
testimony in this case.  My interpretation of the Rule and the cases interpreting the Rule is that I
need not provide the information you requested.

      If you have a definitive case on point, please let me know and I would be happy to
reconsider my position after reading the case or cases you cite.

            Sincerely,

            Kevin G. Powers

KDP/cad
Merrill ltr. 1.11.07

Harvey A. Schwartz, P.C.
Kevin G. Powers, P.C.
Elizabeth A. Rodgers
Jonathan J. Margolis
Robert S. Mantell
Linda Evans
Laurie A. Frankl
Sara Smolik

www.TheEmploymentLawyers.com

# EXHIBIT D



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

Scott Merrill
Boston Office
617.832.1174
smerrill@foleyhoag.com

January 16, 2007

<u>**Via Fax (617) 742-7225 and Mail**</u>

Kevin Powers, Esq.
Rogers, Powers & Schwartz, LLP
18 Tremont Street
Boston, MA 02108

   Re: Padellaro v. James A. McGravey and City of Lawrence
      <u>U.S. District Court Docket No.: 05-11788-MLW</u>

Dear Kevin:

   I am in receipt of your January 13, 2007 letter in which you state that none of the individuals listed in your expert designations were retained or employed by you to provide expert testimony in this matter. Until now, the City had no way of knowing that you had not retained any of those individuals to testify as experts. Your representation that you "specifically indicated" to me that the individuals listed in your expert designations were merely treating physicians or an independent medical examiner is simply false. Your January 13, 2007 letter is the first response you have provided to the City's multiple requests that you confer regarding your designations.

   The City has been unable to designate and prepare its own expert designations over the past month because it had received no response from you to its requests to confer. Accordingly, the City is filing expert designation information with the Court today, which it intends to supplement, and is seeking a thirty-day extension from the Court to accomplish same. I have left two phone messages with your office over the past two days to seek your assent to this request. Please contact me no later than 4:00 p.m. today concerning your willingness to so assent, at which time the City will file its request with the Court.

        Very truly yours,

        Scott C. Merrill

cc: Michael Bernardo (via fax)

B3301362.1

# EXHIBIT E

**ROBERT M. WEINER, M.D.**
**70 CARLTON STREET**
**BROOKLINE, MA  02446**
**Telephone:  (617) 232-4525**

**Curriculum Vitae**                                    **December, 2006**

## Education and Professional Training

A.B., Harvard College
M.D., Columbia University, College of Physicians and Surgeons
Medical Rotating Internship, University of Rochester Medical Center
Captain, Medical Corps, U.S. Air Force
Psychiatric Residency, Boston Veterans Administration Hospital

## Certification

Board Certified in Psychiatry, American Board of Psychiatry and Neurology, 1973
Board Certified in Legal Psychiatry, American Board of Forensic Psychiatry, 1983
Board Certified in Forensic Psychiatry, American Board of Psychiatry and Neurology, 1994
Board Recertified in Forensic Psychiatry, American Board of Psychiatry and Neurology, 2005

## Academic and Hospital Appointments

Clinical Instructor in Psychiatry, Harvard Medical School
Clinical Associate in the Department of Psychiatry, McLean Hospital,
    Belmont, Massachusetts
Consulting Forensic Psychiatrist, McLean Hospital, Belmont, Massachusetts,

## Current Clinical Activities

Engaged in private practice of Psychiatry and Forensic Psychiatry
Tutor:  Teaching Clinical Psychiatry to Second Year Harvard Medical Students
Preceptor for Fourth Year Harvard Medical Students in their McLean Hospital
    Psychiatric Clerkship
Licensed to Practice Medicine in the Commonwealth of Massachusetts and the
    State of New Hampshire

## Legal Psychiatry

Court Psychiatrist for the Waltham, Massachusetts District Court
    1971-1984.  Provided psychiatric evaluation and recommendations for Adults and
    Juveniles appearing before the Court
Guardian Ad Litem, Appointed by the Massachusetts Probate Court
Consulting Psychiatrist for the Commonwealth of Massachusetts at the Treatment
    Center for the Sexually Dangerous and the Bridgewater Hospital for the
    Criminally Insane
Member, Malpractice Tribunal for the Massachusetts Superior Court

## Membership in Professional Associations

Massachusetts Medical Society
Massachusetts Psychiatric Society
American Psychiatric Association
American Academy of Psychiatry and the Law