UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER PADELLARO ) | |
|     PLAINTIFF ) | |
| ) | Civil Action No. 05-11788-MLW |
| v. ) | |
| ) | |
| JAMES MCGRAVEY AND ) | |
| CITY OF LAWRENCE ) | |
|     DEFENDANTS ) | |

**OPPOSITION OF NON-PARTY RICHARD SULLIVAN TO THE DEFENDANT CITY OF LAWRENCE'S MOTION TO COMPEL AND FOR EXPENSES AND SANCTIONS**

Now comes Richard Sullivan and opposes the City of Lawrence's Motion to Compel Testimony of Richard Sullivan and For Expenses And Sanctions.[1] Because (1) Sullivan, a practicing attorney, acted in good faith and properly refused (absent a court order) to answer questions which required that he violate Rule 1.6 (SJC Rule 3:07) of the Massachusetts Rules of Professional Conduct and (2) the Plaintiff has, since the deposition, agreed to waive the attorney-client privilege as it relates to certain matters, the City's motion should be denied.

*FACTUAL BACKGROUND*

Sullivan is a licensed attorney who has practiced in the Commonwealth for approximately thirty-four years. (Exb. A, Aff. of Sullivan at 1). Sullivan is a sole practitioner with an office in Milford, Massachusetts. (Depo. of Sullivan at 4 , Exb. 12 to City's Motion). On September 8, 2006, Sullivan was served with a subpoena by counsel for the City of Lawrence. (Exb. A, Affd. of Sullivan at 2). The subpoena requested, <u>inter alia</u>, the following documents:

> Any and all documents and records concerning and/or related to Jennifer Padellaro including, without limitation, all notes, bills, invoices, correspondence, diaries, appointment logs, phone logs, phone records, calendars and memoranda, whether in electronic or hard copy form.

---

[1] Defendant James McGravey has joined the City's motion.

Id. Prior to the date of the deposition, Sullivan wrote to Kevin Powers, Esq., who is Padellaro's counsel of record in this case, and inquired whether Padellaro would agree to waive, in any way, the attorney-client privilege. Id. at 3. Sullivan was advised that Padellaro would not waive the attorney-client privilege. Id.

Thereafter, with Sullivan's assent, Powers prepared a "Plaintiff and Richard Sullivan's Emergency Motion to Quash and Motion for Protective Order" and memorandum in support of the same. Id. at 4. The Court denied the Motion and stated that it would not rule on the applicability of the privilege prior to the time that questions were posed and the privilege was asserted. (Transcript Oral Argument, 9/28/06 at 18-19, Exb. 11 to City's Motion)("I'm not going to rule in a vacuum as to the scope of the questions that can be asked."). The Court stated that Sullivan should attend the deposition and "assert the privilege as he contends is appropriate ...." (Transcript Oral Argument, 9/28/06 at 18-19, Exb. 11 to City's Motion). The Court indicated that once the privilege was asserted with regard to particular questions, the Court would then rule on whether the information sought was privileged. Id. at 18.

Thereafter, prior to the deposition, Sullivan contacted the Board of Bar Overseers, Office of Bar Counsel, to discuss the ethical issues he faced in responding to the subpoena. (Exb. A at 3). Attorney Bauer at the Board of Bar Overseers, inter alia, cautioned Sullivan to review Rule 1.6 of the Massachusetts Rule of Professional Conduct. Id. Attorney Bauer also directed Sullivan to a Board of Bar Overseers Publication which she authored entitled "Subpoena Savvy: What to do when your client's file is subpoenaed." (Attached hereto as Exhibit B and available at http://www.mass.gov/obcbbo/subpoena.htm). In addition, Sullivan discussed the matter with numerous attorneys. Id. at 4. Prior to the deposition, counsel for Padellaro did propose to the

City's counsel that the City produce a list of questions in order to facilitate the possible waiving of the privilege with regard to certain areas of inquiry. (Attachment A to Plaintiff's Opposition to the City's Motion for Sanctions Against Attorney Sullivan). The City choose not to cooperate in this endeavor. Id.

Sullivan appeared at the deposition on December 1, 2006 and was not represented by counsel. (Exb. A, Affd. of Sullivan, at 5; Exb. 12 to City's Motion). Counsel for Padellaro was present and did not waive the attorney client privilege or otherwise authorize the disclosure of any confidential information by Attorney Sullivan. (Exb. 12 to the City's Motion). At the deposition, Sullivan provided the City's lawyer with copies of all documents responsive to the subpoena that he believed were not confidential materials pursuant to Rule 1.6. (Exb. A, Affd. of Sullivan, at 5). During the deposition, Sullivan refused to answer all questions which he felt would require him to violate Rule 1.6 absent a waiver of such privilege or a court order. Id.. At no time during the deposition, did Padellaro waive the privilege. (Exb. 12 to City's Motion). Subsequent to the filing of this motion, Padellaro has agreed to waive the attorney client privilege with regard to numerous classes of documents and areas of testimony. (Attachment A to Plaintiff's Opposition to the City's Motion for Sanctions Against Attorney Sullivan).

## ARGUMENT

A.  **SULLIVAN PROPERLY REFUSED TO ANSWER QUESTIONS AND PRODUCE DOCUMENTS WHERE SUCH DISCLOSURES WOULD VIOLATE RULE 1.6 OF THE MASSACHUSETTS RULES OF PROFESSIONAL CONDUCT**.

Rule 1.6(a) of the Massachusetts Rules of Professional Conduct provides, in pertinent part, that "[a] lawyer shall not reveal confidential information relating to representation of a client unless the client consents after consultation ...." Comment 5 to Rule 1.6 makes clear that the rule applies "not merely to matters communicated in confidence by the client but also to virtually all information

<u>relating to the representation, whatever its source.</u>" (emphasis added).  Pursuant to Rule 1.6(b)(4), a lawyer may reveal such confidential information "when permitted under these rules or required by law or court order."

The Board of Bar Overseers publication authored by Attorney Bauer which Sullivan consulted prior to the deposition provides as follows:

> Rule 1.6 permits a lawyer to reveal confidential information relating to the representation of a client "when permitted under these rules or required by law or court order." Mass. R. Prof. C. 1.6(b)(4). This does not mean that the lawyer may simply turn over the client's file when he receives the subpoena. The lawyer has an ethical obligation to attempt to limit the subpoena on any legitimate available grounds, and, without client approval, may not reveal confidential information protected by Rule 1.6(a) until ordered to do so by an appropriate tribunal. ABA Comm. on Professional Ethics and Grievances, Formal Op. 94-385 (1994) advises that lawyers have an ethical obligation to oppose subpoenas directing them to produce client files, at least until a court orders compliance. See generally Restatement (Third) of the Law Governing Lawyers § 63 (2000) (disclosure of confidential client information when required by law is permitted "after the lawyer takes reasonably appropriate steps to assert that the information is privileged or otherwise protected against disclosure"); ABA/BNA Law. Manual on Prof. Conduct 55:1300 Confidentiality: Lawyer Subpoenas, at 1314 (1997) (citing state ethics opinions that also require a lawyer to take steps to resist a subpoena for information about a client if the client does not consent to the disclosure). Cf. MBA Ethics Opinion No. 94-7 (where a client has refused to consent to disclosure, a lawyer should resist disclosure of a client's identity in response to an IRS summons, or in any subsequent enforcement proceeding, until a court orders disclosure).
>
> To meet the ethical obligations under Rule 1.6, the lawyer should first attempt to contact the former client to determine whether the client consents to the disclosure. To be effective under Rule 1.6(a), the client's consent must be "after consultation". The term "consultation" is defined in Mass. R. Prof. C. 9.1(c) to mean "communication of information reasonably sufficient to permit the client to appreciate the significance of the matter in question." Exactly what information should be discussed with the client may depend upon the circumstances.
>
> ...
>
> <u>If the former client does not consent to the disclosure, or in those rare instances when the lawyer cannot locate the client, the lawyer has an ethical duty under Mass. R. Prof. C. 1.6(a) to resist the subpoena if the lawyer's testimony or the production of documents would violate either the attorney-client privilege or the ethical duty of confidentiality.</u> As an initial step, the lawyer should seek a protective order, bring a motion to quash, or serve upon the attorney designated in the subpoena written

> objection to inspection or copying of any or all of the designated materials in compliance with the applicable discovery rules, such as Mass. R. Civ. P. 26(c), 45(b), and 45(d)(1). The lawyer should seek to limit the subpoena or court order on any legitimate available grounds, such as the attorney-client privilege, work product doctrine, confidentiality, relevance, breadth, or burden. See Rent Control Board of Cambridge v. Mary Praught, 35 Mass. App. Ct. 290, 296-297 (1993) (because the "role of lawyer does not constitute a cloak of immunity against subpoena", a lawyer cannot seek to resist the subpoena entirely; instead the lawyer should seek to limit the subpoena on the grounds of privilege or on some other basis).

Bauer, <u>Subpoena Savvy: What to do when your client's File Is Subpoenaed</u>, http://www.mass.gov/obcbbo/subpoena.htm (copy attached at Exhibit B hereto)(emphasis added).

Sullivan has acted appropriately in light of his ethical duties pursuant to Rule 1.6. After receiving the subpoena, he contacted current counsel for the Plaintiff to determine whether there would be a waiver of confidentiality. When no waiver was forthcoming, Sullivan joined Plaintiff's counsel in filing a motion to quash the subpoena. At the hearing on that motion, counsel for the Plaintiff asked the Court to set parameters for the parties to follow in the conduct of Sullivan's deposition. As noted above, the Court did not set pre-deposition parameters on the questioning and observed as follows:

> I'm not ruling ahead of time on what he's entitled to – he needs to know what his claim of attorney/client privilege is. He needs to assert the privilege as he contends is appropriate – or his counsel needs to assert it on his behalf, I don't know how you are going to work it.
> ...
> I mean, I don't know what will be privileged or what will not be privileged.

(Transcript Oral Argument, 9/28/06 at 19, Exb. 11 to City's Motion).

Thereafter, Sullivan attended the deposition and, consistent with his ethical obligations, asserted the privilege to the extent he believed necessary to protect both the attorney-client privilege <u>and</u> the ethical duty of confidentiality. Contrary to the City's arguments, Sullivan did not ignore or flout any order of this Court. Instead, he complied with the Court's order completely and attended

the deposition and asserted the privilege in good-faith to those questions where he thought it appropriate. Consistent with his understanding of Rule 1.6 cmt. 5, Sullivan refused to disclose – absent a court order – "virtually all information relating to the representation, whatever its source."[2] The City's attempts to convert Sullivan's adherence to his ethical obligations into some contempt of this Court are thus without merit.

**B. THE PLAINTIFF HAS – SINCE THE DEPOSITION – AGREED TO SUBSTANTIALLY WAIVE THE PRIVILEGE AND IS TO BE DEPOSED ON JANUARY 19, 2007.**

Since the deposition, counsel for the Plaintiff notified counsel for the City that Padellaro will agree to waive the attorney client privilege with regard to numerous areas. In correspondence dated January 10, 2007, counsel for the Plaintiff stated to the City as follows:

> I am willing to waive any attorney-client privilege, to the extent it exists, with regard to the following documents, questions, and responses:
>
> A. DOCUMENTS
>
> 1) any fee agreement between Ms. Padellaro and Attorney Sullivan;
>
> 2) any letters or written communications sent by Attorney Sullivan on behalf of Ms. Padellaro to the City of Lawrence or any of its employees, representatives, or agents;
>
> 3. any letters or written communications received by Attorney Sullivan from any employee, agent, or representative of the City of Lawrence received in response to Attorney Sullivan's written communication with the City;
>
> 4. any bills sent to Ms. Padellaro by Attorney Sullivan (redacted to edit

---

[2] The City has done little to narrow and frame the issues for argument with regard to specific areas of inquiry. The City asserts that Sullivan should simply be "ordered to appear and answer all questions asked in his deposition." (City's Brief 12-13). The specific areas of inquiry that the City does list on page 5 and 6 of its brief, however, were all properly objected to as confidential under Rule 1.6. These areas include, his representational status of Padellaro; whether he spoke to Padellaro and when; the formation of the any attorney client relationship; any fee agreement and billing practice; documents related to the representation; his actions with regard to third parties; and, any conversations with the media. In any case, this Court should not issue a blanket order that Sullivan answer any question asked at the deposition. This especially true where, as discussed in detail below, the Plaintiff has now agreed to waive certain areas of confidentiality that prevented Sullivan from responding previously.

        out any notation that reveal any communication between Ms. Padellaro and Attorney Sullivan about the facts or strategies of the case);

5.     any telephone logs, telephone records, calendars, or appointment logs of Attorney Sullivan (redacted to edit out any notations that reveal any communication between Ms. Padellaro and Attorney Sullivan about the facts or strategies of the case).

B. VERBAL COMMUNICATION

1)     the date and time of any communication or conversation between Ms. Padellaro and Attorney Sullivan (without revealing content or substance of the communication);

2)     the date and time of any meeting with Ms. Padellaro (without revealing the content of any conversation that occurred at the meeting);

3)     the substance of any conversation between Attorney Sullivan and any City of Lawrence employee, agent or representative (excluding any conversations that may be protected as work-product);

4)     whether Attorney Sullivan has ever represented Ms. Padellaro or her husband in any other matter.

      The above list may not be exhaustive, but I am willing to try to resolve the dispute between you and Attorney Sullivan in the most efficient manner possible. Therefore, if there are additional questions you feel need to be answered, I will consider waiving the attorney-client privilege, to the extent that exists, to answer any further questions.

(Exb. A to Plaintiff's Opposition to the City's Motion for Sanctions Against Attorney Richard Sullivan).

      This express waiver, coupled with Plaintiff's counsel's agreement to consider waiver in any other areas the City's legitimately seeks discovery, should resolve this dispute. Presumably, the City will be able to gain any discovery needed on the issues from the Plaintiff directly at her deposition on January 19, 2007. Should a further deposition of Sullivan be necessary, he will be able to testify

regarding those areas for which the confidentiality has been waived.

**C. THE CITY'S MOTION TO COMPEL AND FOR SANCTIONS SHOULD BE DENIED**

In these circumstances, the City's Motion should be denied. Contrary to the City's bombastic contentions, Sullivan has not "flouted the Court's ruling", acted in a "contemptuous" manner or in "bad faith". Instead, he has acted appropriately to discharge his ethical obligations as a member of the Massachusetts bar. Rather than facing the City's scorched-earth plea for sanctions, Sullivan should be applauded for the diligence he has shown in properly responding to the subpoena consistent with ethical obligations. In the end, it is clear from the record in this matter that Attorney Sullivan acted entirely appropriately at the deposition of this matter and was "substantially justified" in his actions. See F.R.Civ.P. 37. As such, the motion should be denied.

**CONCLUSION**

For the forgoing reasons, the City's Motion should be denied.

Respectfully submitted,

/s/_____
Peter J. Perroni, Esq.
BBO 634716
Nolan/Perroni, LLP
133 Merrimack Street
Lowell, MA 01852
978-454-3800
peter@nolanperroni.com

January 19, 2007

REQUEST FOR HEARING

SULLIVAN HEREBY REQUESTS HEARING ON THIS MOTION.

CERTIFICATE OF SERVICE

I PETER J. PERRONI HEREBY CERTIFY THAT THIS DOCUMENT FILED THROUGH THE ECF SYSTEM WILL BE SENT ELECTRONICALLY TO THE REGISTERED PARTICIPANTS AS IDENTIFIED ON THE NOTICE OF ELECTRONIC FILING (NEF) AND PAPER COPIES WILL BE SENT TO THOSE INDICATED AS NON REGISTERED PARTICIPANTS ON THIS DATE.

/s/_____
Peter J. Perroni



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JENNIFER PADELLARO, Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil Action No. 05-CV-11788-MLW |
| JAMES MCGRAVEY and CITY OF LAWRENCE, Defendants. | ) ) ) ) | |

**AFFIDAVIT OF NON-PARTY RICHARD K. SULLIVAN IN
SUPPORT OF OPPOSITION TO DEFENDANT CITY OF LAWRENCE'S
MOTION TO COMPEL TESTIMONY OF RICHARD K. SULLIVAN AND FOR
EXPENSES AND SANCTIONS, AND RENEWED MOTION FOR SANCTIONS
RELATED TO PLAINTIFF AND SULLIVAN'S MOTION TO QUASH**

I, Richard K. Sullivan, on oath depose and say as follows:

I am an attorney authorized to practice law in the Commonwealth of Massachusetts. I was admitted to practice in the Commonwealth of Massachusetts on December 20, 1972, and have continuously engaged in the practice of law from that date until the present time. During my thirty-four years of practice, I have never been disciplined by the Board of Bar Overseers or any other agency or entity supervising attorneys in the practice of law. Until the above-referenced matter, during my thirty-four years of practice, I have never been served with a subpoena duces tecum regarding a client nor have I ever been deposed regarding a client.

On September 8, 2006, I was served with a "Subpoena in a Civil Case" issued under the signature of Scott C. Merrill,

-2-

Esquire, of Foley Hoag LLP, counsel of record in the above-referenced matter for the Defendant City of Lawrence (hereafter "City").  Appended to that subpoena was an Exhibit A requiring that I produce and permit inspection and copying of the following:

> Any and all documents and records concerning and/or related to Jennifer Padellaro including, without limitation, all notes, bills, invoices, correspondence, diaries, appointment logs, phone logs, phone records, calendars and memoranda, whether in electronic or hard copy form.

Service of process of the subpoena was defective and did not comply with the provisions of Rule 45(b)(1), Federal Rules of Civil Procedure.

Prior to my receipt of the subpoena, on August 31, 2006, I received a telephone call from Attorney Merrill, who advised me that he would be sending me a subpoena duces tecum and scheduling my deposition in regard to the above-referenced matter.  During that conversation, Attorney Merrill read to me Exhibit A attached to the subpoena.  At that time, I advised Attorney Merrill that the matters which he sought me to produce and testify about were subject to attorney-client privilege.  Attorney Merrill agreed that there would be issues related to attorney-client privilege.

After receipt of the subpoena and prior to my deposition, I wrote to Jennifer Padellaro ("Padellaro"), through Kevin G. Powers, Esquire, of Rogers, Powers & Schwartz LLP, her counsel of record in the above-referenced matter, and requested that she advise me as to which documents, conversations, etc., if any, she would waive attorney-client privilege.  In response to my

-3-

inquiry, I was advised that Padellaro would not waive attorney-client privilege regarding any documents or conversations that were protected by privilege.

After receipt of the subpoena and prior to my deposition, I also contacted the Board of Bar Overseers, Office of Bar Counsel, to discuss the ethical issues which I faced in responding to the subpoena. Linda G. Bauer, Esquire, Assistant Bar Counsel, suggested that I review an article which she had written entitled "Subpoena Savvy: What to do when your client's file is subpoenaed." (A copy of that article is appended hereto as Exhibit A.) Attorney Bauer further suggested that I review Rule 1.6 of the Massachusetts Rules of Professional Conduct relating to confidentiality of information, which I also did.

In addition to the foregoing actions, I spoke with no fewer than six attorneys prior to my deposition. I inquired of each attorney whether, absent a waiver by a client consenting to a disclosure of confidential information or an order of a court, whether an attorney could disclose information obtained during the representation of such client. Each attorney advised me that in her/his opinion, absent a waiver by a client or a court order, nothing whatsoever could be disclosed.

After I was served with the subpoena and prior to my deposition, I forwarded a copy of that subpoena to Attorney Powers and requested him to deal with that issue, since I was neither a party nor counsel to a party in the above-referenced matter. Attorney Powers prepared a "Plaintiff and Richard

-4-

Sullivan's Emergency Motion to Quash and Motion for Protective Order" and "The Plaintiff and Attorney Richard Sullivan's Memorandum in support of an Emergency Motion to Quash the Defendant's Subpoena served on Plaintiff's Previous Attorney Richard Sullivan, and Motion for a Protective Order."  With my assent, Attorney Powers signed my name to the Emergency Motion and Memorandum in support thereof.  Since I am neither a party nor counsel of record for a party in this matter, Attorney Powers argued the Emergency Motion before the Court.

When I appeared at my deposition on December 1, 2006, I brought with me all files and records which I had relating to Padellaro.  At that time, I provided James W. Bucking, Esquire, counsel for the Defendant City, with copies of all documents which I believed were not confidential materials under Rule 1.6 of the Massachusetts Rules of Professional Conduct.  During the deposition, I refused to answer all questions which I felt would require me to violate Rule 1.6 of the Massachusetts Rules of Professional Conduct, absent a waiver by Padellaro or an order of the Court.

Signed under the pains and penalties of perjury this 19th day of January, 2007.

                                               /s/
                                        Richard K. Sullivan

B






## Subpoena Savvy: What to do when your client's file is subpoenaed

by
Linda G. Bauer

On occasion Bar Counsel will receive an informal inquiry from a lawyer who has been served with a subpoena requiring the lawyer to appear at a deposition with a former client's file in connection with an unrelated civil matter. The circumstances might involve something like the following. The lawyer previously represented a client in a business transaction. Now the client is getting divorced, and the client's spouse is seeking information related to the prior business transaction. The spouse's counsel has issued a subpoena seeking the lawyer's file. The lawyer hasn't heard from his client in years, and wants to know what he should do.

At the outset, the lawyer should review Rule 1.6 of the Massachusetts Rules of Professional Conduct concerning confidentiality of information. Paragraph (a) of Rule 1.6 states that "[a] lawyer shall not reveal confidential information relating to representation of a client unless the client consents after consultation . . . ." As Comment 5 to Rule 1.6 clarifies, this rule applies "not merely to matters communicated in confidence by the client but also to virtually all information relating to the representation, whatever its source."

Rule 1.6 permits a lawyer to reveal confidential information relating to the representation of a client "when permitted under these rules or required by law or court order." Mass. R. Prof. C. 1.6(b)(4). This does not mean that the lawyer may simply turn over the client's file when he receives the subpoena. The lawyer has an ethical obligation to attempt to limit the subpoena on any legitimate available grounds, and, without client approval, may not reveal confidential information protected by Rule 1.6(a) until ordered to do so by an appropriate tribunal. ABA Comm. on Professional Ethics and Grievances, Formal Op. 94-385 (1994) advises that lawyers have an ethical obligation to oppose subpoenas directing them to produce client files, at least until a court orders compliance. See generally Restatement (Third) of the Law Governing Lawyers § 63 (2000) (disclosure of confidential client information when required by law is permitted "after the lawyer takes reasonably appropriate steps to assert that the information is privileged or otherwise protected against disclosure"); ABA/BNA Law. Manual on Prof. Conduct 55:1300 Confidentiality: Lawyer Subpoenas, at 1314 (1997) (citing state ethics opinions that also require a lawyer to take steps to resist a subpoena for information about a client if the client does not consent to the disclosure). Cf. MBA Ethics Opinion No. 94-7 (where a client has refused to consent to disclosure, a lawyer should resist disclosure of a client's identity in response to an IRS summons, or in any subsequent enforcement proceeding, until a court orders disclosure).

To meet the ethical obligations under Rule 1.6, the lawyer should first attempt to contact the former client to determine whether the client consents to the disclosure. To be effective under Rule 1.6(a), the client's consent must be "after consultation". The term "consultation" is defined in Mass. R. Prof. C. 9.1 (c) to mean "communication of information reasonably sufficient to permit the client to appreciate the

significance of the matter in question." Exactly what information should be discussed with the client may depend upon the circumstances. Subpoenas issued in criminal proceedings are beyond the scope of this article, but to the extent that the disclosure of confidential client information in a civil proceeding may raise potential criminal liability for the client, the consequences should be explained to the client during the consultation process. Although the disciplinary rules do not require that the client's consent to the disclosure be in writing, the prudent lawyer should obtain written permission from the client to disclose confidential information.

If the former client has retained counsel to represent him in the new matter, the lawyer's first contact should be with the client's new attorney. As a practical matter, the client through his new attorney may wish to oppose the subpoena, and may take steps to do so. In any event, the client's new attorney may be able to shed some light on the subjects at issue in the new civil matter.

If the former client does not consent to the disclosure, or in those rare instances when the lawyer cannot locate the client, the lawyer has an ethical duty under Mass. R. Prof. C. 1.6(a) to resist the subpoena if the lawyer's testimony or the production of documents would violate either the attorney-client privilege or the ethical duty of confidentiality. As an initial step, the lawyer should seek a protective order, bring a motion to quash, or serve upon the attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials in compliance with the applicable discovery rules, such as Mass. R. Civ. P. 26(c), 45(b), and 45(d)(1). The lawyer should seek to limit the subpoena or court order on any legitimate available grounds, such as the attorney-client privilege, work product doctrine, confidentiality, relevance, breadth, or burden. See Rent Control Board of Cambridge v. Mary Praught, 35 Mass. App. Ct. 290, 296-297 (1993) (because the "role of lawyer does not constitute a cloak of immunity against subpoena", a lawyer cannot seek to resist the subpoena entirely; instead the lawyer should seek to limit the subpoena on the grounds of privilege or on some other basis).

If the lawyer's request for a protective order is denied, the lawyer should consider whether the circumstances warrant filing an appeal. Comment 20 to Mass. R. Prof. C. 1.6 advises that in making this determination, the lawyer should consider such factors as "the gravity of the harm to the client from compliance and the likelihood of prevailing on appeal."

Comment 20 to Mass. R. Prof. C. 1.6 advises that a lawyer must comply with the final orders of a court or other tribunal requiring the lawyer to disclose confidential information about the client's representation. The language of Mass. R. Prof. C. 1.6 itself makes disclosure discretionary. However, failure to disclose confidential client information in face of a final order of a court or other tribunal may result in a court holding that the lawyer is in contempt.

In summary, if you are subpoenaed to testify or produce a client's file, check the ethical rules, consult with the client, and be prepared to take appropriate action to protect your client's confidences.

---

BBO/OBC **Privacy Policy**. Please direct all questions to **webmaster@massbbo.org**.
© 2004. Board of Bar Overseers. Office of Bar Counsel. All rights reserved.