UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-11788-MLW

)
JENNIFER PADELLARO,           )
    Plaintiff                 )
                              )
v.                            )
                              )
JAMES MCGRAVEY and            )
CITY OF LAWRENCE,             )
    Defendants                )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS CITY OF LAWRENCE AND JAMES MCGRAVEY'S EXPERT WITNESS DESIGNATION AND JOINT MOTION FOR ADDITIONAL TIME TO SUPPLEMENT**

Pursuant to Local Rule 7.1(B)(2), Plaintiff hereby opposes Defendants' motion for additional time to supplement their designation of experts. In support of her opposition, Plaintiff states that (1) Defendants have been on notice since at least Spring 2006 that the individuals whom Plaintiff has designated as experts were treating health care providers and/or were not retained by Plaintiff's counsel; (2) Defendants have been in possession of the designated individuals' medical records concerning Plaintiff since April 2006, with supplementation in October 2006; and (3) Defendants' claim that they "have been strung along for a month," following Plaintiff's designation of experts on December 14, 2006, is contrary to the evidence and to the law.

1. **Defendants Had Knowledge that Plaintiff's Designated Experts Were Treating Providers and/or Were Not Retained for this Cause of Action**

According to documents provided by Plaintiff's former counsel, Richard C. Bardi, Esq., to Plaintiff's present counsel, Attorney Bardi informally informed the Defendants, by facsimile on November 29, 2005, that Daniel Coleman, M.D., Leo W. Lane, D.O., Stephen S. Berszansky, M.D., and Miriam Rosenberg, M.D., were individuals who were likely to have discoverable information about Plaintiff's case. Evans Aff., ¶ 2, Exhibit 1. In order for these individuals to have discoverable information about Plaintiff's physical and/or emotional wellbeing, the individuals identified by Attorney Bardi had to have medically evaluated, diagnosed, and/or treated Plaintiff prior to November 29, 2005.

In March 2006, in her answers to Defendant City of Lawrence's First Set of Interrogatories, Plaintiff confirmed that Drs. Coleman, Lane, and Berszansky were treating physicians, and she identified Melvin Nagler as a treating therapist since October 2004. Id. at ¶ 3. Plaintiff also informed the Defendants that Michael Braverman, M.D., had evaluated and diagnosed the effects that Plaintiff's workplace sexual harassment and retaliation had had on Plaintiff's physical and emotional wellbeing. Id.

Plaintiff supplemented her answers to the City's Interrogatories, on May 26, 2006, and again identified Drs. Coleman, Lane, Berzansky, and Nagler as Plaintiff's treating health care providers, and Dr. Braverman as a medical consultant for evaluation and diagnostic purposes. Id. at ¶ 5. Approximately ten

days later, Plaintiff filed her Federal R. Civ. P. 26.2(A) Disclosure Statement with the Court, on June 6, 2006, and she disclosed that Daniel Cole[man], M.D., Leo W. Lane, D.O., Stephen S. Berszansky, M.D., Miriam Rosenberg, M.D., Michael Braverman, M.D., and Melvin Nagler, Ph.D., were individuals likely to have discoverable information about Plaintiff's stress-related medical conditions and/or emotional distress. Id. at ¶ 6.

Thus, between November 29, 2005, and June 6, 2006, Plaintiff put the Defendants on notice, multiple times, that the individuals whom she eventually designated as experts, on December 14, 2006; that is, Melvin Nagler, Ph.D., Daniel Coleman, M.D., Leo W. Lane, D.O., S. Scott Berszansky, M.D., Miriam Rosenberg, M.D., and Michael Braverman, M.D., were Plaintiff's treating physicians and/or had been retained to evaluate and diagnose Plaintiff, prior to November 29, 2005. Id. at ¶¶ 2-3, 5-6, 9. By March 31, 2006, Defendants knew that Dr. Nagler, whom Attorney Bardi did not identify in 2005, had treated Plaintiff since October 2004.[1] Id. at ¶ 3

2. **Defendants Have Been in Possession of Plaintiff's Medical Records**

Plaintiff produced medical records and/or medical reports to the Defendants on April 14, 2006, which disclosed in detail Plaintiff's medical treatment by Drs. Coleman, Lane, and Berszansky. Id. at ¶ 4. The produced documents also evidenced that both Miriam Rosenberg, M.D., and Michael Braverman, M.D.,

---

[1] Defendants received documents, on or about April 14, 2006, which evidenced that Dr. Braverman was retained in 2005 by the attorney who represented Plaintiff in her application for worker's compensation. See discussion, infra; Evans Aff., ¶ 4, Exhibit 1.

3

were retained in 2005 with respect to Plaintiff's application for worker's compensation. Id. Further, it was apparent from the documents that Plaintiff produced on April 14, 2006, that Plaintiff was represented in her worker's compensation case by Alan S. Pierce, Esq., and not by Attorney Bardi or Plaintiff's present counsel in this action. Id. Thus, Defendants knew by April 2006 that Plaintiff's worker's compensation attorney retained Dr. Braverman for an evaluation and diagnosis for Plaintiff's worker's compensation case and that neither Attorney Bardi nor Plaintiff's present counsel had retained Dr. Braverman for this cause of action. Id.

In October 2006, Plaintiff supplemented her production of documents and provided the Defendants with the handwritten notes of Melvin Nagler, Ph.D., pertaining to his intermittent treatment sessions with Plaintiff, from October 2004 to Summer 2006. Evans Aff., ¶ 7, Exhibit 1.

Defendants have been in possession of the <u>exact same medical records and medical reports</u> from Plaintiff's designated experts, which have been available to Plaintiff, and upon which Plaintiff will rely at trial. Id. at ¶¶ 4, 7. Defendants' claim that they need additional time to designate their expert witnesses because of some alleged delay by Plaintiff is without merit and should be soundly rejected. Defendants have the same knowledge as Plaintiff about the medical opinions of her designated experts, and their claimed expectation that Plaintiff would provide expert reports from her treating providers, or from experts whom she did not retain

for this action, was clearly unreasonable and without any foundation. Defs.' Mot., at 1-2 & Exhs. A-D.

3. **Defendants Have "Strung Along" the Issue of Expert Reports**

Defendants' claim that they "have been strung along for a month" and that they, therefore, need an extension of time to designate their expert witnesses, is erroneous and without merit. Defs.' Mot., at 2. Instead, Defendants "have strung along for a month" their unfounded insistence that Plaintiff provide expert reports from Plaintiff's designated experts. Defs.' Mot., at 2 & Exhs. A-D.

Federal Rule 26(a)(2)(B) provides that expert reports are required "with respect to a witness who is retained or specially employed to provide expert testimony in the case… ." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). A treating physician may testify at trial, in the absence of a report. Garcia v. City of Springfield Police Dep't, 230 F.R.D 247, 249 (D. Mass. 2005). Defendants have known since March 31, 2006, that four of Plaintiff's six designated experts were treating physicians, and they should have known that Plaintiff's treating providers may testify at trial without providing an expert report. Evans Aff., ¶ 3, Exhibit 1; Garcia v. City of Springfield, 230 F.R.D. at 249.

Further, since April 14, 2006, Defendants have known that Dr. Rosenberg was retained by the Defendant Town in Plaintiff's worker's compensation case, and that Dr. Braverman was retained by Plaintiff's worker's compensation attorney to provide expert testimony in her worker's compensation case – not in this case. Evans Aff., ¶ 4, Exhibit 1.

5

Thus, none of Plaintiff's designated experts are required to provide reports, and Defendants have wasted Plaintiff's time and Defendants' time by emphatically and incorrectly insisting that Plaintiff provide expert reports. Defs.' Mot., at 1-2 & Exhs. A-D. Defendants, not Plaintiff, have caused any claimed delay, and the Court should not reward the Defendants for their recalcitrant, misinformed dalliance. Accordingly, Defendants' motion for supplemental time to supplement their designation of expert witnesses should be denied.

### Conclusion

As has been shown, (1) Defendants have known the identity of Plaintiff's treating and/or diagnostic health care providers since March 31, 2006, at the latest; (2) Defendants have long been in possession of all of the medical records and medical reports, which Plaintiff's designated experts have prepared and produced; and (3) Defendants have known since April 14, 2006 that all of Plaintiff's designated experts were either Plaintiff's treating physicians, or they were retained as medical experts concerning Plaintiff's worker's compensation application. Ignoring these facts, as well as the law, Defendants have pursued an unnecessary, protracted dialogue with Plaintiff about expert reports, thereby, causing the alleged problem for which they seek relief. The Court should deny the Defendants relief for an alleged problem of their own making.

Respectfully submitted,

Jennifer Padellaro
By her Attorneys,


s/ Linda Evans
Kevin G. Powers, BBO #405020
Linda Evans, BBO #635078
Rodgers, Powers & Schwartz LLP
18 Tremont Street
Boston, MA 02108
(617) 742-7010

OppMotExtExperts

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 05-CV-11788-MLW

|  |  |
|---|---|
| JENNIFER PADELLARO,<br>Plaintiff<br><br>v.<br><br>JAMES MCGRAVEY and<br>CITY OF LAWRENCE,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF LINDA EVANS, ESQ., IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS CITY OF LAWRENCE AND JAMES MCGRAVEY'S EXPERT WITNESS DESIGNATION AND JOINT MOTION FOR ADDITIONAL TIME TO SUPPLEMENT**

I, Linda Evans, under oath, depose and state as follows:

1.      I am an attorney (associate) with Rodgers, Powers & Schwartz LLP, and represent, along with Kevin G. Powers (partner), Plaintiff Jennifer Padellaro in the above-referenced action.  I make this affidavit solely in support of Plaintiff's Opposition to Defendants City of Lawrence and James McGravey's Expert Witness Designation and Joint Motion for Additional Time to Supplement.

2.      Richard C. Bardi, Esq., who previously represented Plaintiff in this action, provided our office with file documents, which indicate that Attorney Bardi faxed a draft copy of Plaintiff, Jennifer Padellaro's Initial Disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1), to James W. Bucking, Esq., and Thomas E. Peisch, Esq., counsel for the City of Lawrence and Defendant McGravey,

respectively, on November 29, 2005. In this draft initial disclosure, Attorney Bardi identified Daniel Coleman, M.D., Leo W. Lane, D.O., Stephen S. Berszansky, M.D., and Miriam Rosenberg, M.D., as individuals who were likely to have discoverable knowledge about Plaintiff's cause of action.

3. On March 31, 2006, Plaintiff served her Answers to Defendant City of Lawrence's First Set of Interrogatories, upon the Defendants. In her answer to Interrogatory No. 2, which inquired about all persons who may possess information or documents concerning Plaintiff's allegations, Plaintiff incorporated by reference the names on the draft initial disclosure and also identified Melvin Nagler and Michael Braverman, M.D., as therapists who have knowledge about Plaintiff's work-related stress and emotional distress. In response to Interrogatory No. 21, Plaintiff identified Daniel Coleman, M.D., Leo W. Lane, D.O., Melvin Stephen Scott Berzansky, M.D., and Melvin Nagler, as her treating health care providers, and Michael Braverman, M.D., as a physician who had evaluated and diagnosed the effects that Plaintiff's workplace sexual harassment and retaliation had had on Plaintiff's physical and emotional wellbeing. Plaintiff specifically stated in her answer to Interrogatory No. 21 that she began her treatment with Dr. Nagler in October 2004.

4. On April 14, 2006, Plaintiff produced medical records and/or medical treatment-related documents to the Defendants, in response to Request No. 16 of Defendant McGravey's First Request for the Production of Documents. These medical records confirmed that Daniel Coleman, M.D., Leo W. Lane, D.O., and

Stephen Scott Berzansky, M.D., were treating physicians. Plaintiff's produced medical reports also evidenced that Miriam Rosenberg, M.D., and Michael Braverman, M.D., served as medical consultants/experts in 2005 with respect to Plaintiff's application for worker's compensation. The documents that Plaintiff produced on April 14, 2006, made it clear that Alan S. Pierce, Esq., was Plaintiff's attorney for the worker's compensation proceedings and that Attorney Pierce, not Plaintiff's counsel in this lawsuit, had retained Michael Braverman, M.D.

5.  On May 26, 2006, Plaintiff served Supplemental Answers to Defendant, City of Lawrence's, First Set of Interrogatories, which once again identified Drs. Coleman, Lane, Berzansky, and Nagler as Plaintiff's treating health care providers, and Dr. Braverman as a medical consultant for evaluation and diagnostic purposes.

6.  Plaintiff filed her Federal R. Civ. P. 26.2(A) Disclosure Statement with the Court on June 6, 2006. In her Disclosure Statement, Plaintiff identified Daniel Cole[man], M.D., Leo W. Lane, D.O., Stephen S. Berszansky, M.D., Miriam Rosenberg, M.D., Michael Braverman, M.D., and Melvin Nagler, Ph.D., as individuals likely to have discoverable information about Plaintiff's stress-related medical conditions and/or emotional distress.

7.  On October 20, 2006, Plaintiff supplemented her production of documents to the Defendants with the handwritten notes of Melvin Nagler, Ph.D., pertaining to his intermittent treatment sessions with Plaintiff, from October 2004 to Summer 2006.

8. On December 14, 2006, Plaintiff filed Plaintiff Jennifer Padellaro's Designation of Expert Witnesses with the Court. In her Designation, Plaintiff identified four health care providers who may be called in this case, whom Plaintiff had previously, repeatedly identified to the Defendants, as early as November 2005, and no later than, March 31, 2006, as treating health care providers: Daniel Coleman, M.D., Leo W. Lane, D.O., S. Scott Berzansky, M.D., and Melvin Nagler, Ph.D. Plaintiff also designated Miriam Rosenberg, M.D., and Michael Braverman, M.D., who evaluated and diagnosed Plaintiff in 2005, for the purposes of Plaintiff's worker's compensation application, and who were retained by the City of Lawrence and/or Alan Pierce, Esq., *not* by Plaintiff's counsel in this action.

9. Thus, Defendants have been on notice for almost a year about the identity of those individuals who Plaintiff might designate as experts at the trial of this action, *and* Defendants have long been in possession of these individuals' medical records, reports, evaluations, diagnoses, and/or treatments concerning Plaintiff. Defendants also knew at the time Plaintiff made her designation of experts that the designated individuals were treating health care providers and/or had not been retained by Plaintiff's counsel in this action.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, on this 23rd day of January, 2007.


s/ Linda Evans